## Hiram Taylor *vs.* Edward V. Foster & another.

Hampshire.   Sept. 20, 1881. — Jan. 4, 1882.   Lord & Devens, JJ., absent.

In an action upon four promissory notes, the defence to three of which was the statute of limitations, it appeared that, upon payment of the notes being demanded, the defendant assigned to the plaintiff certain choses in action, the proceeds of which were to be applied as far as such moneys went upon the defendant's indebtedness to him upon the notes; and that there was no agreement or understanding between the parties, and no direction by the defendant, as to how any money received by the plaintiff through said assignments should be specifically applied.   *Held,* that the money received by the plaintiff under the assignments should be applied as a partial payment upon each of the notes : and that the whole debt was taken out of the statute of limitations.

CONTRACT on four promissory notes, signed by the defendants, and payable to the plaintiff or order.   The first note, for $1000,

was dated May 14, 1873. The second note, for $1633, was dated October 1, 1874. The third note, for $3367, was dated December 1, 1874. These three notes were payable on demand. The fourth note, for $605.40, was dated December 4, 1874, and was payable three months from date. Writ dated December 4, 1880. Answer, a general denial, and, as to the first three notes, the statute of limitations. Trial in the Superior Court, without a jury, before *Brigham*, C. J., who allowed a bill of exceptions, in substance as follows:

The notes declared on were made by the defendants on the days of their several dates, and were not paid at maturity.

On March 16, 1875, the defendants had failed in business, and, upon their being solicited to provide for their large debt to the plaintiff, assigned to him certain book accounts and choses in action, and, in June following, certain other book accounts and choses in action, the plaintiff and the defendants agreeing, on the occasions of the several assignments, that all the moneys collected should be paid to the plaintiff and accepted by him as far as such moneys went upon the defendants' indebtedness to him upon the promissory notes declared on. There was then no indebtedness of the defendants to the plaintiff besides that upon the notes declared on. At the times of the several assignments there was no agreement or any understanding between the plaintiff and the defendants, or any direction by the defendants, as to how any money received by the plaintiff through said assignments should be specifically applied. Under said assignments and agreement, the plaintiff received, in 1877, the sum of $1011.24.

The plaintiff made no application of this sum to the payment in part or in whole of either of the promissory notes declared on, by indorsing such payment thereon, but had the intention to do so, and would, if he had supposed that he had the right to do so, have applied said sum of $1011.24 by indorsing the notes declared on to that effect, as follows: $300 on each of the first three notes, and $111.24 on the last note. The plaintiff, while testifying at the trial to his intention as to the application of said sum of $1011.24, declared his readiness to indorse, and offered to indorse by way of applying this sum as far as it would go in payment of the notes in accordance with said

intention. Immediately thereupon the defendants' counsel, before the judge acted upon the plaintiff's offer, proffered to the judge a paper, which stated that the defendants elected to apply said sum so received in payment of the fourth note, and in payment of the first note, so far as it was sufficient therefor.

The court made no order at the trial, or since, upon the plaintiff's offer to apply said $1011.24 in payment of the notes in accordance with his declared intention, or upon the defendants' claim to elect and have an application of said sum in accordance with the paper proffered by them.

The defendants requested the judge to rule as follows: " On all the evidence the first three notes are barred by the statute of limitations, and the fourth note is paid. If neither creditor nor debtor can exercise at the time of trial an election as to the manner of application, then the law applies the payment on the debts in the order of time, and it is not competent for the judge to make any other application. If it is competent for the judge to make application, it must be made on some one debt until the debt is paid, or the fund to be applied exhausted; and the payment to be applied cannot be divided among all the notes."

The judge refused to rule as requested, and ruled that neither the plaintiff nor the defendants had ever, to the time of the trial of the case, directed or made any specific application of the moneys received by the plaintiff through said assignments to or in payment, in part or in whole, of either of the notes declared on; and that neither the plaintiff nor the defendants had the right to direct or to make with legal effect such application during the trial of the case; that the judge was authorized to make a just and equitable application of said sum of $1011.24, received by the plaintiff through said assignments, to and in the payment, in part or in whole, of either of the notes; and found that it would be a just and equitable application of the sum received by the plaintiff to apply $300 in part payment of each of the first three notes, and $111.24 in part payment of the last note; and ordered judgment for the plaintiff in the sum of $8285.09. The defendants alleged exceptions.

*J. C. Hammond*, for the defendants.

*G. H. Woodman*, for the plaintiff.

MORTON, J. This is an action upon four promissory notes. As to three of them, the defence relied on is the statute of limitations. At the trial by the court, without a jury, the following facts were found. The promissory notes declared on were made by the defendants on the days of their dates, and were not paid at maturity. In March 1875, the defendants failed in business. Being solicited to provide for the large debt of the plaintiff, they then, and also in the following June, assigned to the plaintiff certain choses in action, the plaintiff and the defendants agreeing that all the money collected upon the choses in action should be accepted by the plaintiff as far as such money went upon the defendants' indebtedness to him upon the promissory notes declared on. There was then no indebtedness of the defendants to the plaintiff except upon these notes. There was no agreement or understanding, and no direction by the defendants, " as to how any money received by the plaintiff through said assignments should be specifically applied."

The rule that the partial payment of a debt takes it out of the operation of the statute of limitations is founded upon the theory that a payment of a part of a subsisting debt is an acknowledgment that the debt exists, from which the law implies a new promise to pay the balance. The part payment must be under such circumstances as reasonably and by fair implication leads to the inference that the debtor intended to renew his promise of payment. *Pond* v. *Williams*, 1 Gray, 630. *Roscoe* v. *Hale*, 7 Gray, 274. To give a partial payment this effect, it must appear that the payment was made on the debt sued on. But where the identity of the debt sued on with the debt on which the payment is made is established, such payment will take the whole debt out of the statute, whether it is represented by one note or by more than one note. For instance, suppose a debtor owing a man three thousand dollars, evidenced by three notes of one thousand dollars each, says to the creditor, I owe you this three thousand dollars, I cannot pay you the whole debt, but I now pay you fifteen hundred dollars on account of it. This is clearly an acknowledgment of the whole debt, and would take it out of the operation of the statute of limitations, although neither party should at any time make any specific application of the money paid to either of the promissory notes.

*Waters* v. *Tompkins*, 2 C., M. & R. 723.    *Walker* v. *Butler*, 6 El. & Bl. 506.    *Burn* v. *Boulton*, 2 C. B. 476.    There must be reasonable evidence that the debtor recognized and admitted the whole of the indebtedness to be due; but if he did so admit, and made a general payment on account of it, there is no reason for applying the admission and payment to either of the notes rather than to the others, but it would carry out the intentions of the parties to apply the acknowledgment and payment to each of the notes, that is, to the whole indebtedness.

A fair construction of the bill of exceptions brings the case at bar within this principle.    After the defendants failed in business, the plaintiff presented and claimed payment of the debt represented by the notes in suit.    No controversy existed as to the validity of the notes, or either of them.    The defendants assigned to the plaintiff certain choses in action, the proceeds of which were to be applied, not to any particular note, but " as far as such moneys went to the defendants' indebtedness to him upon the promissory notes declared on."    There is no ground for applying the payment or limiting the acknowledgment to any one of the notes; it was clearly intended to be a partial payment upon the whole indebtedness, that being in the minds of the parties, and an acknowledgment that the balance thereof was due.

We are therefore of opinion that, upon the facts proved, the defence of the statute of limitations cannot prevail; and that the final finding and judgment of the Superior Court was the only finding and judgment which could be sustained in law. This view renders immaterial the several requests for rulings, and the rulings upon the subject of the rights of the parties as to appropriating the part payment made by the defendants, and we need not discuss them.                    *Exceptions overruled.*