### SANBORN *v.* STARK and others.

*(Circuit Court, D. Colorado. May 4, 1887.)*

1. PAYMENT—APPLICATION.
    A creditor is at liberty to apply payments of a debtor upon any one of the debtor's obligations, unless the debtor names the debt on which he is making payment.
2. SAME—SECURED AND UNSECURED DEBTS.
    Where there are two debts, one secured and the other unsecured, the court will as a rule apply a payment upon the unsecured debt.
3. PARTNERSHIP—POWERS—RENEWAL OF NOTE.
    The renewal by one partner of a partnership note, after dissolution of the partnership, is binding upon the co-partner, if the latter recognized and consented to it.

On Motion for New Trial.

*M. B. Carpenter*, for plaintiff.

*J. W. Horner*, for defendants.

BREWER, J. In this matter of Sanborn against Stark, motion for new trial on two grounds, first that one payment of six hundred and odd dollars was not credited on the note of $650, but on some other indebtedness of the other partner. There is nothing in that; the creditor is at liberty to apply payment upon any one of the obligations of his debtor, unless the debtor names the debt on which he is making the payment. Even if he had not made that application himself, where there are two debts, one secured and the other unsecured, the court ordinarily will apply a payment upon the unsecured debt; and the claim here is that this

note was the debt of defendant's partner, upon which defendant was security.

The other point is equally unsound. The claim is that the note for $650, upon which judgment was rendered, was a renewal, and that as a renewal it was not binding on this particular defendant, Stark, because of the prior dissolution of the partnership, a fact which was known to the creditor at the time he took it. The truth of the matter is, the renewal was consented to by this defendant. It was given as a renewal of a part of a $2,000 note upon which confessedly both defendants were liable. The renewal was some time about the twentieth of August. On the third of August this defendant writes to his partner: "*Friend Sanborn:* Yours of twenty-eighth July just at hand. I wrote you some days ago I could not provide for payment of note due 18th, Exchange Bank; and I cannot. It must be renewed." August 18th, Exchange Bank, $2,000, that was the note upon which both defendants were liable, and this defendant writes to his partner saying, "It must be renewed." And on the twenty-seventh of August, after the renewal, he writes: "Yours twentieth August received. I am surprised you should renew those notes for so short a time, as you must be aware collections are coming in very slowly, and I cannot meet them." Obviously both before and after he recognized and consented to the renewals.

The motion will be overruled.