[No. 4399.]

The Florence & Cripple Creek Railroad Company
v. Tennant.

1. Instructions—Statement of Fact.

An instruction containing a statement of fact is not prejudicial where the statement is from the uncontradicted testimony of appellant's witnesses.

2. Instructions—Settlement—Assignment for Benefit of Creditors.

Plaintiff's property was in the hands of an assignee for the benefit of his creditors. Defendant, without authority and without the knowledge of the assignee, took from plaintiff's saw-mill a lot of lumber, and upon the representation of defendant's agents as to the amount of lumber taken, the assignee accepted payment therefor. Afterwards plaintiff's property was reconveyed to him by the assignee and he·brought suit against defendant for lumber taken, claiming that defendant misrepresented the amount taken and had not paid the assignee for all the lumber taken. Held, that an instruction to the effect that if defendant took more lumber than its agents reported and more than the assignee settled for, plaintiff could recover the value of lumber not paid for, was proper, and an instruction was properly refused which told the jury that if the assignee had charge of the lumber and settled with defendant, plaintiff could not recover.

3. Instructions—Sales—Delivery.

In an action against a railroad company for the price of

piling where the evidence was that the piling was to be considered delivered "when taken by defendant, accepted and used," an instruction that defendant was not liable for the piling until it was "accepted for use," was not such a departure from the evidence as was calculated to mislead the jury or convince them that merely placing the piling on defendant's right of way was such delivery as would render defendant liable therefor.

**4. Interest—Accounts.**

In an action upon an account for goods sold and delivered, plaintiff is entitled to interest upon the account, or such portion of it as he may establish, from the time it became due, and defendant cannot avoid the payment of interest by disputing the account.

**5. Limitation—Accounts—Partial Payments.**

An acknowledgment of and partial payment on an account within six years prior to commencement of action thereon would relieve the account of the bar of the statute of limitation.

*Appeal from the District Court of Fremont County.*

Mr. Karl C. Schuyler and Mr. H. M. Blackmer, for appellant.

Mr. James T. Locke and Mr. Lee Champion, for appellee.

Mr. Justice Steele delivered the opinion of the court.

Suit was brought by the plaintiff on June 23, 1900, to recover judgment in the sum of $4,067, and interest, on account for materials furnished prior to December, 1894. The jury returned a verdict for the plaintiff in the sum of $5,410.10. The case is brought here by the defendant by appeal.

The appellant contests but two items of the account—one amounting to $1,352, the value of lumber alleged to have been taken by the appellant from appellee's mill in the month of June, 1894; the other amounting to the sum of $2,417, the value of piling furnished appellant at its request. Counsel say in their brief: "It was the intention of counsel to urge various objections in detail to the manner in which

the account was proved and to take up in detail various objections to the introduction of various items, * * * but upon more mature. consideration it now is the intention of counsel for appellant to resolve. the discussion as hereinabove set forth to a consideration of the case as being an action brought to recover the value of the two items mentioned in the account, that is, the piling of. the claimed value of $2,417.28 and the 104,000 feet of lumber claimed to have been taken from the mill-site by the railroad company, of the value of $1,352.00.''

We shall not consider the assignment of error that the judgment is not supported by the evidence, because the evidence of the appellee, if believed by the jury, will support the judgment. The appellee was the proprietor of a saw-mill, and in his absence, so he says, the agents of the company took 104,000 feet of lumber for use in the repair of its road, and that the officers and agents of the company informed him that they had taken the lumber and had credited him upon the books of the company with that amount. These statements are denied by the appellant's witnesses. They admit, however, that they took lumber from the mill, but they say that the amount taken was only about 13,000 feet. The appellee testified that he furnished the piling mentioned in the second item, and produced a memorandum showing the amount and value thereof. It seems that the appellee had made an assignment for the benefit of creditors, and while his affairs were in the hands of his assignee the transaction with the company occurred. The assignee received from the company payment for a few thousand feet of lumber taken from the mill, and testified with reference to the piling that he agreed with the company that the piling should be considered as delivered when it was used. Other witnesses testified that the piling was put upon the right

of way of the company and was carried away by a flood. The jury was properly instructed upon the appellant's theory of the case, and must have believed the witnesses for the appellee. The jury was instructed that if the assignee of Tennant made a contract with the company by the terms of which he agreed to furnish them certain quantities of piling, and that the piling was not to be paid for until used by the company, and that before the piling was accepted by the company, it was washed away by a flood, or if there was no delivery or acceptance of the piling, the verdict should be for the defendant. And the appellant insists that the jury disregarded the instruction in finding for the appellee. There was testimony offered by the appellee upon which the jury could base a finding that he delivered the piling in question to the officers of the company, and we cannot say that the jury disregarded the instructions.

Instruction No. 7 was objected to by the appellant because it contains a statement of fact, but we think the objection is not tenable. The statement contained in the instruction was from the uncontradicted testimony of appellant's witnesses, and could not have been prejudicial. The company, without authority, took a quantity of lumber from the mill of the appellee, and the assignee accepted from the company $153.00 as payment for the lumber. The court instructed the jury that the testimony showed that the settlement with the company was made upon the statements of the representatives of the company as to the amount of lumber taken, and that if such statements were substantially correct and true, that that item might be taken and considered to have been fully settled for; but that if more lumber was taken than the agents reported, and more than the assignee undertook to settle for and in fact did settle for, that the plaintiff could recover for the value of the lumber not paid for by the company.

Before this suit was begun, the assignee of Tennant was discharged and the property reconveyed by proper writing to Tennant. This instruction was correct, and the court did not err in giving it nor in refusing to give an instruction offered by the appellant which, in general terms, stated that if the assignee had charge of the lumber and settled with the company, the plaintiff was not entitled to recover. The instructions, it is claimed, are inconsistent, but we do not so regard them, and they appear to fully and fairly present the issues raised. The assignee of Tennant testified that by agreement with the company the piling should be considered delivered "when it was taken by the railroad company, accepted and used." The jury was instructed that if they believed from the evidence that there was an agreement between the assignee and the company "that said piling was not to be paid for by said company until it was accepted by it for use, and that before it was so accepted for use by said company it was washed away by a flood, * * then, so far as this particular item is concerned, your verdict should be for the defendant." It is claimed that by this instruction a new element is introduced into the agreement, and that the use of the words "accepted for use" tended to confuse the jury. The agreement testified to by the assignee of Tennant was that the piling was not to be considered delivered until used. There is a distinction between the terms employed in the instruction and those given in the testimony, but the distinction is not so marked as to have misled the jurors, or to have convinced them that placing the piling on the company's right of way, if they believed the assignee's testimony, rendered the company liable.

The action of the court in allowing interest upon the amount of $3,592, from December 31, 1894, to the date of trial, is assigned as error. Upon the sub-

ject of interest the court instructed the jury as follows: "And if you find from the evidence given, under the instructions of the court, that any such sum whatsoever is now due and owing to the plaintiff from the said defendant for said material, or for any part or portion of it, then you will allow the plaintiff interest on such sum so found to be due to him at the rate of eight per cent. per annum, from December 31, 1894, to the present time. No error was committed by the court in giving this instruction, nor was error committed by the jury in awarding interest in accordance therewith. The plaintiff sued upon an account for materials sold and delivered. The statute, section 2251, 1 Mills' Ann. Stat., provides that creditors shall be allowed to receive interest when there is no agreement as to the rate thereof, at the rate of eight per centum per annum * * * on money due on account, from the date when the same became due." Conceding that the statute allows interest upon accounts from the time they become due, counsel insist that unless the account has been liquidated, interest should not be awarded, and the case *Dexter v. Collins,* 21 Colo. 455, is cited in support of this contention. The action in the case cited was not based upon an account, but was an action to recover commissions alleged to be due for the sale of real estate; and the court held that interest was not recoverable upon an unliquidated demand. The decision in the case cited is not in conflict with the decision here, for the action in that case was brought upon an express contract, and an implied contract, while this action is brought upon an account. Debtors cannot avoid the payment of interest by disputing the account, and when at the trial the account or any portion of it is established, the creditor is entitled to interest upon the amount found to be due.

The appellant also contends that the claim for

the lumber is barred by the statute of limitations; that the lumber was taken about the middle of June, 1894, and that suit was brought on June 23, 1900. The account for lumber sued upon was not a mutual account, and but for the partial payment and the acknowledgment of it, would probably be barred by the statute. But the acknowledgment of it, and the partial payment occurred within six years of the bringing of the suit.

After the assignee was discharged, he made a reconveyance to Tennant, and Tennant was permitted to testify to that fact, and the assignment to Tennant was introduced, over objections. This action of the court, the defendant urges, was prejudicial to the appellant. We do not think the jury could have been influenced by this testimony. It was immaterial, but its introduction was not prejudicial. The case has many peculiar features, but the jury accepted the story of the appellee as truthful, and rejected the statements of the appellant's witnesses; and we cannot say that the verdict was not just, because the jury accepted the testimony of appellee, although uncorroborated in many particulars, and rejected the testimony of witnesses for appellee, although corroborated and supported by other witnesses and by circumstances.

There being no error in the record, the judgment is affirmed.        _____        *Affirmed.*