[No. 5617.]

## McBride v. Noble.

1. **Court of Appeals—Opinion Construed—Obiter.**

   That portion of the opinion in Adams v. Tucker, 6 Colo. App. 393, 401, implying that, where a person is the maker of a note and the joint maker of another, a payment by him, without designating its application, should be credited on the individual note, is obiter and contrary to the rule theretofore followed in this state.—P. 373.

2. **Bills and Notes—Individual and Joint Notes—Payment Without Direction—Application.**

   A creditor holding two notes, one an individual note and one a joint note of the same debtor, may apply an undirected general payment to either note.—P. 374.

3. **Same—Limitation of Actions—Note Barred by Statute—Effect of Undirected Part Payment.**

   Although a creditor may apply a general undirected payment to a note barred by the statute, such application does not take the unpaid portion out of the statute, since such transaction does not prove that the debtor thereby expressly recognized or acknowledged the debt, and the law does not imply a promise upon his part to pay the balance.—P. 376.

*Error to the District Court of Las Animas County. Hon. Jesse G. Northcutt, Judge.*

Action by Mattie Noble against John McBride. From a judgment for plaintiff, defendant brings error.          *Reversed, and remanded for a new trial.*

Mr. A. F. Hollenbeck, for plaintiff in error.

Mr. A. Watson McHendrie, for defendant in error.

Mr. Justice Campbell delivered the opinion of the court:

Two questions are presented in this record: (1) May a creditor who holds two notes, one an individual note and one a joint note of the same debtor, apply to either note as suits his pleasure an undirected general payment made by the debtor? (2) Will an undirected payment made by a debtor, who owes two notes to the same creditor, one of which is, and the other is not, barred by the statute of limitations, raise the bar of the statute when applied by the creditor to the note against which the statute has run, so as to revive the cause of action against the unpaid portion of the barred debt?

1. Were it not for a statement in *Adams v. Tucker,* 6 Colo. App. 393, 401, we would not hesitate to say that a creditor may apply an undirected payment by his debtor as he sees fit, either to the joint or individual debt of the debtor, but our court of appeals in this case, speaking by Reed, J., quoting from the syllabus, said:

"Where a person is the maker of a note, and the joint maker of another, a payment by him should, in the absence of a designation of its application, be credited to his individual indebtedness. Its application by the payee as a payment on the joint note would not suspend the running of the statute of limitations."

The facts, as stated in the opinion, called for no expression on such a point, hence the announcement was *obiter.* The writer of the opinion, himself, stated if a payment had been applied contrary to the rule announced, it would not have affected the result

under the finding of the jury. This dictum is contrary to a subsequent announcement of the same court (*Fairbanks, Morse & Co. v. Macleod,* 8 Colo. App. 190), Bissell, J., declaring that a creditor, in the absence of a specific direction by the debtor, would have the right to apply payments as he saw fit.

In *Mackey v. Fullerton,* 7 Colo. 556, the law was said to be that the debtor may direct, on paying money to his creditor, the application of it to a particular account or item of indebtedness; but if he make or indicate no such application, the creditor may apply the money as he pleases.

In *Perot v. Cooper,* 17 Colo. 80, the court said that if a debtor pay money to his creditor without direction as to its application, the creditor may apply the same to any debt due him at the time from such debtor. To the same effect see *Sanborn v. Stark,* 31 Fed. 18. In England and generally in this country the same rule is announced. The answer to the first question, therefore, is in the affirmative.

2. There is a surprising dearth of authorities upon the point raised by the second question. In England it has been decided that although a creditor who holds more than one claim against a debtor, one of which is barred by the statute of limitations and the other not, and who receives an undirected general payment from the debtor, may apply it to the debt which is barred, such application will not take the balance of the debt out of the statute.—*Mills v. Fowkes,* 5 Bingham (N. C.) 455.

In this country the decisions are conflicting. Counsel cite the decisions of only four of the states of the Union, and our own investigation has not resulted in the discovery of others, where the point has been expressly ruled. In Massachusetts and Maine the English doctrine is followed.—*Pond v. Williams,* 1 Gray 630; *Ramsay v. Warner,* 97 Mass. 13; *Blake*

*v. Sawyer*, 83 Me. 129.   The Maine case was rested upon the Massachusetts authorities.   In Vermont and Missouri it has been held that a note which is barred by the statute would be revived by an application thereon of a payment by a debtor without the latter's direction or knowledge, where the debtor neglects to specify its application.—*Ayer v. Hawkins*, 19 Vt. 26; *Robie v. Briggs*, 59 Vt. 443; *Sanborn v. Cole*, 63 Vt. 590; *Beck v. Haas*, 31 Mo. App. 180; *Shannon v. Austin*, 67 Mo. 485; *Johnson v. Johnson*, 81 Mo. 331; *Beck v. Haas*, 111 Mo. 265; 2 Daniel on Neg. Ins. (5th ed.), §§ 1250. 1253; Wood on Lim. of Actions, § 110.

The case being one of first impression with us, we are at liberty to establish the doctrine which commends itself to our judgment.   Tindal, C. J., in *Mills v. Fowkes, supra*, said that in order to have the effect of reviving the cause of action on the unpaid part of a barred debt, the part payment thereon must have been expressly made in discharge of the debt by the debtor himself.   The other three judges concurred in this reasoning, which has been adopted by the Massachusetts and Maine courts.

The contrary rule is perhaps best expressed in *Sanborn v. Cole*, where the court said: "We think, however, that any application which the creditor is justified in making must be followed by the ordinary consequences of a part payment.  When the debtor leaves the application to be made by the creditor, or, in default of action on the part of the creditor, by the law, he must be held to have intended such application as may finally be made by the creditor or by the law."

Unquestionably, there is much force in this reasoning that if a creditor may apply, as our court has held he may, an undirected payment to whatever legal debt his debtor owes at the time, such payment

should be attended with the ordinary consequences, and have the same effect as if voluntarily and expressly made by the debtor upon the particular debt to which the creditor has made the application, because the debtor, having the right at the time of payment to designate to which one of two or more debts he owes to the creditor the payment shall be devoted, and having failed to make his election, it is his own fault if the creditor applies it to the barred debt. But it must be borne in mind that, although the creditor may make such application, in the absence of a direction by his debtor, this is not an unrestricted right. For example, the creditor may not make the application to an illegal debt, or one contracted against public policy, and he cannot make an inequitable or unconscionable application. It is well stated by Morton, J., in *Taylor v. Foster*, 132 Mass. 30: "The rule that the partial payment of a debt takes it out of the operation of the statute of limitations is founded upon the theory that a payment of a part of a subsisting debt is an acknowledgement that the debt exists, from which the law implies a new promise to pay the balance."

It is in consonance with the reasoning of the opinion in *Thomas v. Carey*, 26 Colo. 485—saying that this recognition and acknowledgment must be clearly shown to have been intended by the debtor himself—to hold that the creditor's application of a general undirected payment by the debtor, though it may be applied by the creditor to a barred debt, does not have the effect to take the unpaid portion thereof out of the statute of limitations, for such a transaction does not prove that the debtor thereby expressly recognized or acknowledged the debt, and the law, therefore, does not imply a promise upon his part to pay the balance.

The defendant's contention that the later Massachusetts cases, *Haynes v. Nice,* 100 Mass. 327, and *Taylor v. Foster, supra,* modify, or virtually overrule, the earlier cases, is not tenable.   They are not inconsistent as to the particular point under discussion.

This case went off below upon a motion for judgment upon the pleadings.   We have based our decision solely upon questions of law.   What the facts may be we do not know.

The judgment must be reversed and the cause remanded for a new trial in accordance with the views herein expressed, with leave to the parties to amend their pleadings as they may be advised.

*Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.