in each case, respectively, as follows: the judge acted as indicated:—

No. 147420 (1) The defendant's motor vehicle was not registered in accordance with General Laws, Chapter 80, Section 9. (Immaterial.)

(2) The operator of the defendant's car was negligent. (Granted.)

(3) The plaintiff was in the exercise of due care. (Denied.)

No. 147421 (1) The motor vehicle which the defendant was operating was not registered in accordance with General Laws, Chapter 90, Section 9. (Immaterial.)

(2) The defendant was negligent. (Granted.)

(3) The plaintiff was in the exercise of due care. (Denied.)

Accurately speaking, none of these requests are requests for rulings of law.

The trial judge made the following finding of fact:—"I find the plaintiff's negligence contributed to the accident and, therefore, find for the defendant." Apparently in amplification of this special finding of fact the trial judge by granting request numbered 2 in each case, found as fact that both the defendant owner and the defendant driver were negligent. The report stated that Henry L. Courtney was admittedly operating the automobile with the owner's permission.

The judge's action on request numbered 3, in each case, added nothing to his special finding of fact.

Request numbered 1, in both cases, the trial judge considered immaterial, because it involved a non-essential fact. Having found the plaintiff and both defendants to have been negligent, additional evidence of negligence, to wit,—that of illegal registration, became of no consequence. *Brown* v. *Alter*, 251 Mass. 223. As there is no error, let the following entry be made—

Reports dismissed.

No. 151392 Municipal Suffolk, ss.
SUTHERLAND (Edna B. Austin)
v. MacLEOD (Charles F. Glendon)

From the Municipal Court of Boston—Donovan, J.
Argued September 29, 1941—Opinion Filed December 15, 1941

PUTNAM, C.J. (Carr, & Gillen, JJ.)—This is an action of contract which was brought in March, 1941, on two promissory notes dated in 1915, and the only question raised by the report is whether the action is barred by the statute of limitations, G. L. (Ter. Ed.) c. 260, sec. 2.

First. The trial judge having expressly found that the defendant had never in writing acknowledged or promised to pay the notes after the statute had run against them, the provisions of sec. 13 have no application, and the judge having

found for the plaintiff the precise question in whether there was evidence to warrant the finding, which he specifically made, that the defendant, within six years of March, 1940, had made a payment of interest or principal within the meaning of those words as used in sec. 14.

The plaintiff testified that, by agreement, she came in 1937, to live at the defendant's house at a charge of $7. per week to be credited toward the interest on the notes and that that arrangement lasted until July, 1939, when they separated because of dissention between them. The defendant testified that the plaintiff came to live with her in 1937 at $7. per week for room and board, but denied the existence of any agreement that this sum should be credited on the notes. The trial judge, obviously believing the plaintiff, made a specific finding of fact that the "plaintiff and defendant made an oral agreement by the terms of which defendant agreed to furnish the plaintiff with room and board at the rate of seven dollars per week (and did so for eighty-four or eighty-five weeks) and the plaintiff agreed to apply (and did apply) that sum from week to week as payments on account of said notes; that in this manner the defendant paid and received credit in the sum of five hundred eighty-seven dollars on account of said notes."

The defendant's real grievance is that the trial judge found the plaintiff's evidence more credible than that of the defendant, —a matter with which we have no concern.

None of the defendant's requested rulings which were denied could have been granted. *Taylor* v. *Foster*, 132 Mass. 30; *Nutter* v. *Mroezka*, 303 Mass. 343.

Report dismissed.

No. 150429 Municipal Suffolk, ss.
CALABRO (Edward E. Cohen)
v. COTTAGE GARDENS, INC. (Joseph Graglia)
From the Municipal Court of Boston—Keniston, J.
Argued October 27, 1941—Opinion Filed December 13, 1941

PUTNAM, C.J. (Riley, & Tomasello, JJ.)—This action is to recover the purchase price of a beer-cooling unit. The contract contained an express warranty in the following words: "We guarantee 190-12 (meaning 12 ounce) glasses out of a Good full B. (meaning barrel) of Beer or Ale." The answer consists only of a general denial and an allegation that there was a breach of the above warranty.

Without objection the plaintiff called as a witness a cafe proprietor who testified that he had one of the plaintiff's beer-cooling units in his cafe and that in the course of several tests of it (during the eight months in which he had had it) it