James W. ANDERSON, Plaintiff/Respondent,

v.

Charles P. STANLEY, et al., Defendants/Appellants.

No. 54026.

Missouri Court of Appeals, Eastern District, Division One.

June 28, 1988.

Robert R. Schwarz, Clayton, for defendants/appellants.

Kennard Bruce Woods, Weldon Springs, for plaintiff/respondent.

GARY M. GAERTNER, Presiding Judge.

Plaintiff James W. Anderson brought an action against defendants Charles P. Stanley and Radio WEW, Inc. for the amount of principal and interest on two promissory notes. The cause was tried before a jury in the Circuit Court of the City of St. Louis. The jury returned a verdict for plaintiff on each of the notes from which defendants appeal. On appeal defendants argue that the trial court erred in: (1) overruling their motion for directed verdict at the close of all evidence in that plaintiff failed to prove essential elements of his action; (2) giving instructions six and eight, plaintiff's verdict directors, in that said instructions did not contain essential elements of plaintiff's action. We affirm.

Plaintiff sued for the outstanding principal and interest on two promissory notes executed by defendants. The first note was executed in 1967 in the amount of $12,500 bearing an interest rate of 8%. The note was due in 1970. Defendants executed a $1,500 note in 1968 with interest also at 8%. This second note was payable upon sixty days notice. Defendant Stanley signed each of the notes twice; as an individual and as president of Radio WEW. Plaintiff testified that in 1967 and 1968 he sent checks in the amounts of $12,500 and $1,500 to defendants in exchange for the promissory notes. Defendant Stanley testified that he did not receive said checks nor did Radio WEW's records reveal that said checks were received. Both plaintiff and defendant Stanley testified that plaintiff had made several small loans to and purchased stock from defendants prior to 1967. These loans and stock transactions were not the subject of this action.

In 1976 defendants sent plaintiff a $500 check. A letter accompanied the check but did not indicate to which debt the payment should be applied. In 1979 defendants sent two $300 checks, apparently in response to a demand for payment. A letter accompanied the checks in which defendant Stanley stated: "Enclosed are the checks for the principal owed you." The letter did not otherwise indicate to which debts the pay-

ments were to be applied. Plaintiff testified that in 1981 he applied the 1976 and 1979 payments equally against the principal of the two notes.[1]

On appeal defendants allege that the trial court erred in failing to grant their motion for directed verdict at the close of all evidence. Defendants argue that plaintiff failed to prove: that defendants indicated a willingness to pay the notes; that the payments were made free from uncertainty as to the specific debt on which it was made; or that defendants made an unqualified recognition of the present existing debt at the time of payment.

Generally, part payment on a debt tolls the statute of limitations. *See* 54 C.J. S. *Limitation of Actions* § 264 (1987). Such a part payment acknowledges the existence of the indebtedness and raises an implied promise to pay the balance. *Missouri Interstate Paper v. Gresham,* 233 Mo.App. 5, 116 S.W.2d 228, 229 (1938). Where nothing appears to show a contrary intention, the payment alone prevents the statute from barring the claim. *Green v. Boothe,* 239 Mo.App. 73, 188 S.W.2d 84, 89 (1945). As defendants point out, Missouri courts have held that in order to toll the statute of limitations, the part payment must be made under circumstances that recognize the remaining debt as existing and are consistent with an intent to pay the balance. *Caneer v. Kent,* 342 Mo. 878, 119 S.W.2d 214, 218 (1938); *Green,* 188 S.W.2d at 89. But where a debtor owes two or more debts and makes a part payment without direction as to its application, the creditor may apply the payment as he chooses with respect to the tolling of the statute of limitations. *Miller v. Miller,* 169 Mo.App. 432, 155 S.W. 76, 78 (1913). Thus, absent direction from defendants, plaintiff was free to apply the payments to the 1967 and 1968 promissory notes, thereby tolling the statute of limitations. Therefore, in addition to the elements of execution, consideration, demand and nonpayment,[2] plaintiff only had to prove that he applied the payments to the notes within ten years of filing suit. Defendant's first point is denied.

In their second point, defendants assert that the trial court erred in giving instructions six and eight, plaintiff's verdict directors. Defendants assert that the instructions did not require the jury to find that the payments were made by defendants with the specific intent of recognizing their indebtedness on the notes, or that the payments were made free from uncertainty as to the identification of the specific debt on which they were made. But as noted above, plaintiff only had to prove that he applied the payments within ten years of filing suit. Further, to submit an issue in a case for which no applicable MAI exists, the instruction must be brief, simple, and shall not require the jury to make findings of detailed evidentiary facts. Rule 70.02(e). The verdict directing instruction is to only submit ultimate facts. *Henderson v. St. Louis Housing Auth.,* 605 S.W.2d 800, 803 (Mo.App., E.D.1979). Plaintiff's verdict directors correctly required the jury to find the ultimate facts in the case.[3] Defendants' second point is denied.

Finding defendants' arguments to be without merit, we affirm the judgment of the trial court.

REINHARD and CRIST, JJ., concur.

---

1. It is the partial payment of the debt and not the formal entry of credit which tolls the statute of limitations. *See Caneer v. Kent,* 342 Mo. 878, 119 S.W.2d 214, 218 (1938).

2. Plaintiff introduced the executed notes into evidence and testified as to each of these elements. Defendants raised the affirmative defense of failure of consideration and offered evidence on that issue. Execution, demand and nonpayment were not at issue.

3. The issue of consideration was submitted by defendants' converse verdict director. Failure of consideration is an affirmative defense, therefore the burden of proof for this issue was on defendants. *Rotert v. Faulkner,* 660 S.W.2d 463, 468 (Mo.App., S.D.1983).