The **BERTHOUD NATIONAL BANK,**
Plaintiff–Appellee,

v.

**Larry DUNN, Defendant–Appellant.**

**No. 86CA1630.**

Colorado Court of Appeals,
Div. I.

Sept. 1, 1988.

Hammond, Clark & White, Gregory A. White, Loveland, for plaintiff-appellee.

Korb & Carroll, P.C., Joseph T. Carroll, Jr., Fort Collins, for defendant-appellant.

**760**

STERNBERG Judge.

The issue in this appeal is whether defendant, Larry Dunn, holds an enforceable lien on certain real property and, if so, whether his lien has priority over that of plaintiff, Berthoud National Bank (Bank). Contrary to the trial court judgment, we hold that Dunn holds an enforceable lien which has priority over the lien of the Bank; hence, we reverse and remand for a new order.

On April 23, 1973, one Christensen, the property owner executed a promissory note, secured by a mortgage on the property, to individuals named Kynaston. All payments on the note were due before November 23, 1974. Sometime later, the Bank's lien on the property was secured. Thereafter, the Kynastons assigned the note and mortgage to Dunn, and the assignment was recorded with the county clerk.

On October 21, 1978, as an addendum to an agreement unrelated to this action, Christensen agreed to pay Dunn the principal amount of the Kynaston note with an increased interest rate. This addendum was also recorded with the county clerk. Dunn and Christensen subsequently executed other agreements and acknowledgments clarifying the terms of the October 21, 1978, agreement.

When the property was foreclosed upon, the bank moved for summary judgment, alleging that Dunn's lien had been extinguished by the running of the statute of limitations. The trial court granted the motion.

## I.

■ On appeal, Dunn contends that the acknowledgment executed by the property owner before the expiration of the original statute of limitations tolled the statute as to his lien. We agree.

Generally, the statute of limitations for an action to recover a debt expires six years after the cause of action accrues. *See* § 13–80–103.5, C.R.S. (1987 Repl. Vol. 6A). When a cause of action to enforce a note is barred by the statute of limitations, any lien created by the instrument is extinguished. Section 38–40–112, C.R.S. (1982

Repl. Vol. 16A); *Martinez v. Continental Enterprises*, 730 P.2d 308 (Colo.1986). However, a written acknowledgment or express promise to pay a debt acts to take the case out of the statute of limitations. *Thomas v. Carey*, 26 Colo. 485, 58 P. 1093 (1899); *see* § 13–80–113, C.R.S. (1987 Repl. Vol. 6A).

The written agreements between the land owner and Dunn contained an acknowledgment of the original note, and an express promise to pay it to Dunn by a date certain. Therefore, the agreements served to prevent the running of the original statute of limitations on the note.

## II.

■ We also agree with Dunn that he retained the priority date of the original mortgage against junior lienholders. The question of priority here raises an issue of first impression in Colorado. The general rule is that an acknowledgment made before the statute has run revitalizes the original debt, and it retains its priority, even against liens which attached prior to the acknowledgment or new promise. Annot., 150 A.L.R. 335 (1944); 55 Am.Jr.2d Mortgages § 609 (1971); *see Consolidated National Bank v. Van Slyke*, 27 Ariz. 501, 234 P. 553 (1925).

Because the junior lienholders took their lien before the running of the statute of limitations on the lien now held by Dunn, they were on notice that a valid lien with a higher priority existed. Therefore, enforcing Dunn's lien is not inequitable to the junior lienholders. Accordingly, we adopt the general rule and hold that the property owner's acknowledgment preserved the original priority date of the Kynaston note against junior lienholders.

The judgment is reversed and the cause is remanded to the district court with directions to enter an order placing Dunn's lien in the priority of its original date.

PIERCE and REED, JJ., concur.