Dean W. DRAKE, Plaintiff–Appellee,

v.

Willa V. TYNER, Defendant–Appellant.

No. 94CA1741.

Colorado Court of Appeals,
Div. IV.

Feb. 8, 1996.

Lawrence J. Simons, Pueblo, for Plaintiff–Appellee.

Dennis J. Sladek, Colorado Springs, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

In this action for declaratory judgment, defendant, Willa V. Tyner, appeals the summary judgment entered in favor of plaintiff, Dean W. Drake. We reverse.

The relevant facts are undisputed. On June 25, 1980, Drake purchased a tract of land from Tyner and her now deceased husband for $44,000. In connection with the purchase, Drake signed a deed of trust and a promissory note. The note was due and payable on or before October 1, 1980.

Drake had also borrowed money from Tyner and her husband on several other occasions and had secured each loan with a deed of trust. Drake made payments on September 8, 1981; May 28, 1983; June 25, 1983; July 1, 1983; September 1986; and during April and May 1990. However, Drake did not specify the debt to which any of these payments should be applied.

On March 23, 1993, Tyner recorded the October 1, 1980, deed of trust. Drake subsequently filed a complaint for a declaratory judgment that the deed of trust and promissory note were invalid because the six-year statute of limitations to collect the debt had expired. Drake also filed a claim for damages contending that Tyner had knowingly recorded an invalid deed of trust.

Tyner filed a motion for judgment on the pleadings in which she argued that Drake's payments over the years constituted acknowledgment of the debt and therefore tolled the applicable statute of limitations. The court denied Tyner's motion for judgment on the pleadings, and Drake subsequently filed a motion for summary judgment asking the court to declare that the applicable limitations period had expired and that the October 1, 1980, deed of trust and promissory note were invalid. The court granted Drake's motion for summary judgment and directed that a final, appealable judgment be entered on this claim pursuant to C.R.C.P 54(b).

I.

As a threshold matter, Drake contends that because Tyner did not set forth affirmatively the defense of acknowledgment by part payment in her answer, pursuant to C.R.C.P. 8(c), she waived that defense. We do not agree.

C.R.C.P. 8(c) provides that: "In pleading to a preceding pleading, a party shall set forth affirmatively . . . any . . . matter constituting an avoidance or affirmative defense." If not affirmatively pled, the defense is waived. *See In re Marriage of Wright,* 841 P.2d 358 (Colo.App.1992).

Here, although Tyner did not include the affirmative defense of acknowledgment in her answer, she included the defense in her motion for judgment on the pleadings and

again in her response to Drake's motion for summary judgment. By alleging acknowledgment in these motions, Tyner sufficiently raised the defense such that the court could treat the answer as amended in compliance with C.R.C.P. 8(c). *See Cox v. Pearl Investment Co.*, 168 Colo. 67, 70, 450 P.2d 60, 61 (1969) ("If the summary judgment motion had not been granted and had the defendant wished to persist in asserting the defense ... the trial court would have been required to permit defendant to amend its answer to include this defense."). Thus, we reject Drake's contention.

## II.

Tyner contends that the trial court erred in granting Drake's motion for summary judgment on the issue whether the applicable limitations period had expired. We agree with this contention.

## A.

■ The purpose of summary judgment is to allow the parties to "pierce the formal allegations of the pleadings and save the time and expense connected with trial when, as a matter of law, based on undisputed facts, one party could not prevail." *Peterson v. Halsted*, 829 P.2d 373, 375 (Colo.1992).

■ Summary judgment is a drastic remedy and should be granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *Vectra Bank v. Bank Western*, 890 P.2d 259 (Colo.App.1995).

■ In reviewing the propriety of a summary judgment, an appellate court must apply the principle that the moving party has the burden of establishing the lack of a triable factual issue, and all doubts as to the existence of such issue must be resolved against the moving party. *Churchey v. Adolph Coors Co.*, 759 P.2d 1336 (Colo.1988).

## B.

■ Here, Tyner asserts that the trial court erred in entering summary judgment in favor of Drake. Specifically, she argues that because she applied Drake's undesig-

nated payments to the October 1, 1980 promissory note, the debt was effectively acknowledged and removed from the bar of the statute of limitations. We agree.

■ Generally, the period for initiating an action to recover a debt expires six years after the cause of action accrues. *See* § 13-80-103.5(1)(a), C.R.S. (1987 Repl.Vol. 6A). When a cause of action to enforce a note is barred by the statute of limitations, any lien securing payment of the note is extinguished. Section 38-40-112, C.R.S. (1982 Repl.Vol. 16A); *Berthoud v. Dunn*, 762 P.2d 759 (Colo. App.1988).

■ However, under certain circumstances, a new promise to pay a debt, an unqualified acknowledgment of a debt from which a promise to pay may be implied, or a part payment of a debt will start the limitations period running anew. *Berthoud v. Dunn, supra*; *Van Diest v. Towle*, 116 Colo. 204, 179 P.2d 984 (1947); *Adams v. Tucker*, 6 Colo.App. 393, 40 P. 783 (1895).

The theory upon which part payment is given this effect is that the part payment amounts to a voluntary acknowledgment of the debt from which the law implies a new promise to pay the balance. *McBride v. Noble*, 40 Colo. 372, 90 P. 1037 (1907); 51 Am.Jur.2d *Limitation of Actions* § 360 (1969).

■ In the case of a single debt not yet barred by the statute of limitations, partial payment alone tolls the statute of limitations. *Florence & Cripple Creek R.R. Co. v. Tennant*, 32 Colo. 71, 75 P. 410 (1904); *see Greer Limestone Co. v. Nestor*, 175 W.Va. 289, 332 S.E.2d 589 (1985) (partial payment by debtor, in the absence of a contrary statement, is impliedly an acknowledgment of the debt).

■ However, where there is one debt and payment is made after the limitations period has expired, the debtor's intent to revive the debt must be clear and unequivocal so as to indicate the debtor's willingness and obligation to pay the debt in question. *Van Diest v. Towle, supra*; *Adams v. Tucker, supra*.

■ Similarly, when there are multiple debts and payment is made after the limitations period has expired, the debtor must specify the debt to which a payment is to be directed. If the debtor makes a general undirected payment, it does not have the effect of reviving the statute of limitations, for such a transaction does not prove that the debtor expressly recognized or acknowledged a particular debt, and the law does not therefore imply a promise on his or her part to pay the balance. *McBride v. Noble, supra.*

The issue presented here appears to be one of first impression for Colorado's appellate courts: If a creditor on multiple debts applies an undesignated partial payment by the debtor to a debt on which the statute of limitations has *not* yet run, will the payment toll the statute of limitations on that debt?

Relying on *McBride v. Noble, supra,* Drake contends that absent evidence of his intent in making payments between 1981 and 1990, the payments could not serve to toll the statute. However, *McBride* is distinguishable from the instant case. There, the debt was already barred by the statute of limitations at the time payments were made. The court held that an undesignated payment by the debtor was not an express acknowledgment of the debtor's intent to repay that debt. Here, in contrast, the debt was not barred at the time of Drake's payments.

■ In our view, the applicable rule here turns on the timing of the debtor's payment. When a debt is already barred, a higher standard exists to revive the debt than exists to toll the statute on a debt not yet barred. *See* 51 Am.Jur.2d *Limitations of Actions* § 259 (1969) ("with regard to the circumstances relied upon to constitute a new promise, it may make a difference as regards proof, whether part payment was made before or after the debt was barred."); *see also* 54 C.J.S. *Limitations of Actions* § 259 (1987).

The different standards can be attributed to the presumption that, when the statute of limitations has run, the debt has been fully paid. *See Restatement (Second) Contracts,* § 82(2)(c) (1981). Thus, to rebut that presumption, and imply a new promise to pay,

the intent of the debtor must be clear. *See McBride v. Noble, supra.*

However, when part payment on a debt is made before the limitations period expires, such payment starts the statute of limitations running anew because such payment alone may be sufficient acknowledgment of the promise to pay the remainder. *See White v. Sikes, Kelly, Edwards & Bryant, P.C.,* 410 So.2d 66 (Ala.Civ.App.1982) (limitations period will begin anew when a partial payment is made by the debtor before the limitations period has expired); *Wells v. Barefoot,* 55 N.C.App. 562, 286 S.E.2d 625 (1982) (same).

Courts in other jurisdictions have held that when a debtor makes an undesignated payment on multiple debts before the limitations period has expired, the creditor retains the discretion to apply such payment to any debt not yet barred. *See, e.g., Neal v. Gideon,* 157 Kan. 1, 138 P.2d 419 (1943); *Anderson v. Stanley,* 753 S.W.2d 98 (Mo.App.1988); *see also* 4 R. Lord, *Williston on Contracts* § 8:31 (4th ed.1992).

■ Accordingly, we hold that when a creditor on multiple debts applies an undesignated partial payment by the debtor to a debt on which the statute of limitations has not yet run, the payment tolls the statute of limitations on that debt.

Here, the six-year statute of limitations had not yet run on the 1980 debt when Drake made his first payment in 1981. At that time, he had the right to designate his payments to any one or all of the several debts he had with Tyner. However, because Drake failed to do so, Tyner was free to apply that payment to the 1980 promissory note, thereby tolling the statute of limitations. In addition, each of Drake's subsequent undesignated payments from 1981 through 1990 caused the statute of limitations to begin running anew.

Thus, because the payments were made within the limitations period, we do not view the lack of specific acknowledgment of the debt by Drake as dispositive. Moreover, it is immaterial whether Tyner manifested to Drake her intent to apply his payments to the debt at issue. *See Weston Group v. A.B. Hirschfeld Press,* 845 P.2d 1162 (Colo.1993).

Therefore, we conclude that the trial court erred in entering summary judgment finding that the applicable limitations period had expired and that the October 1, 1980 deed of trust and promissory note were invalid.

The judgment is reversed, and the cause is remanded for additional proceedings in accordance with this opinion.

NEY and KAPELKE, JJ., concur.