APRIL TERM, 1888.

## CROSS ET AL. V. MOFFAT.

1. Under the present practice this court cannot review by writ of error proceedings had subsequent to final judgment.
2. Upon application for judgment by confession against the maker of a judgment note it is sufficient to establish by affidavit the genuineness of the defendant's signature.
3. It appears by the pleadings in this case that the bar of the statute of limitations did not apply; the statute gives a personal privilege, to be relied on or not as the debtor chooses; this court cannot presume that a warrant of attorney is void after the lapse of six years.
4. A warrant of attorney to confess judgment on a promissory note is a security, and when the note is negotiated the transfer carries with it the security.

*Error to Superior Court of Denver.*

DAVID H. MOFFAT recovered judgment on a note against Lewis Cross and John M. Cross by confession under a warrant of attorney in the note. Subsequently the makers' motion to set aside the judgment was overruled, and defendants bring error.

Messrs. TILFORD, GILMORE and RHODES, for plaintiffs in error.

Mr. L. B. FRANCE, for defendant in error.

PER CURIAM. Under the present practice we cannot review, by writ of error, proceedings that have taken place subsequent to final judgment. *Polk v. Butterfield*, 9 Colo. 325. This disposes of the alleged errors predicated upon the court's action in refusing to vacate the judgment.

The fact that no summons was issued is unimportant. If Clise acted within the authority conferred by the warrant of attorney, and if the judgment can be sustained

in other respects, his appearance for plaintiffs in error constituted a waiver of the issuance and service of process. This suggestion answers the argument relating to jurisdiction over the persons of plaintiffs in error. In our judgment the challenge of the court's jurisdiction over the subject-matter rests upon no better ground.

But one question is presented requiring extended consideration. It is claimed that the final judgment rendered should be set aside, because the instrument did not authorize the confession as made in Clise's *cognovit* at the time the proceeding took place. There is nothing in our statutes that prohibits the procedure adopted in this case. It is fully recognized and generally pursued at common law; and the sections of the code providing a mode for obtaining judgments without action do not inhibit pursuing this common-law method when authorized by contract of the parties themselves. There is, in fact, an action pending, and the *cognovit* may appropriately be regarded as an answer to the complaint, the filing of which constitutes a waiver of the issue and service of process.

But it is insisted that, after the lapse of so long a period from the date of the instrument as here appears, a legal presumption should be indulged against the authority of one presuming to act under the warrant as attorney for an absent defendant. A certain rule in England, adopted by the courts of king's bench and common pleas, is confidently relied upon by plaintiffs in error to support their position in the foregoing regard. This rule prohibits judgment by confession on a warrant of attorney where more than a year and a day has expired from the date of such warrant, except upon affidavit stating that the instrument is genuine, that the whole or some portion of the debt is yet due, and that the debtor is still alive. The warrant of attorney in the case at bar was over six years old when judgment was entered, and the affidavit filed does not state that the parties were alive, or that the debt

remained unpaid.   We shall decline to be governed by
the English practice mentioned.   It rests upon a special
rule, originating in the court of king's bench, and not
recognized by statute.   Some of the controlling reasons
leading to the adoption of this rule in England can hardly
be considered applicable in this state at the present time.
Why should we select the arbitrary period of a year and
a day, and say that after that time the instrument shall
not have the same force and effect as before?   There is
nothing in the arrangement of our terms of court calling
for such a rule; we have no statute of limitations fixing
this period in connection with actions or recoveries; and
there is no legal presumption that, after a year and a day,
the debtor is dead or the obligation discharged.   It will
be observed that the time begins to run under the rule
from the date of the warrant of attorney, not from the
maturity of the debt.   Yet here such warrants of attor-
ney are frequently given in connection with promissory
notes to run for two or three or even a greater number of
years.

But it is asserted that our six-year statute of limitations
had run against the note here sued on, and therefore the
judgment by confession should be set aside, so that
plaintiffs in error may plead this defense.   In the *first*
place, the complaint avers, and a copy of the note set out
therein shows, that payments were made within the time
mentioned.   Hence it appears by the pleadings that the
bar of the statute did not apply.   *Secondly*, this statute
is a personal privilege, to be relied upon or not as the
debtor may choose.   There is no legal presumption that
he will elect to plead it.   And *thirdly*, for this court to
hold that after six years a warrant of attorney, embodied
in the solemn contract of the parties, shall be void, would,
to say the least, savor strongly of judicial legislation.
The part payment upon the note operated as a redelivery
thereof.   *Buckingham v. Orr*, 6 Colo. 587.   The warrant
of attorney was security; and, like any other security,

remained valid. When the note was negotiated to defendant in error the transfer carried with it this security, just as much as it would have done had there been a valid mortgage or deed of trust.

In response to the suggestion that it is dangerous to permit the entry of judgment, after the lapse of a considerable period, upon warrants of attorney like the one before us, we have this to say: The contract itself expressly waives all of the ordinary errors in procedure; and if the debt has been paid, if the statute of limitation has run, and defendant could be permitted to rely upon it, if the instrument is void because procured by fraud, or if any other available defense exists, the debtor may have relief through a suit in equity. *Lake v. Cook*, 15 Ill. 354. There is, therefore, a remedy by which the hardships not contemplated by the contract, that might otherwise sometimes result, may be avoided.

There seems to have been a mistake in the computation of interest. The judgment is too large by $128.65. It will therefore be reversed and the cause remanded, with direction that the court below, if plaintiff elect to remit the amount named, enter judgment for the sum remaining due.

*Reversed and remanded.*