SEARS, PLAINTIFF IN ERROR, v. HICKLIN, DEFENDANT IN ERROR.

1. LIMITATIONS—NEW PROMISE.

The principle upon which a part payment by a debtor will prevent his availing himself of the bar of the statute is, that such a payment amounts to an acknowledgment of the debt, and from an absolute acknowledgment the law implies a new promise founded upon the old consideration.

2. SAME.

To raise such implied promise, the payment must be voluntary, and by the debtor to the creditor.

3. SAME.

A general admission of indebtedness is insufficient to raise such implied promise. There must be no uncertainty as to the particular debt to which the admission applies, and it must be positive and unconditional.

*Error to the District Court of Pueblo County.*

Messrs. URMY & CRANE, for plaintiff in error.

Mr. C. E. GAST, for defendant in error.

REED, J., delivered the opinion of the court.

On July 10, 1889, this action was commenced by the plaintiff to recover the amount of a promissory note made by the defendant for $1213.08 on the 23d of November, 1881, payable six months after date with interest at one per cent per month from date until paid, to which the defendant pleaded the statute of limitations.

A lengthy replication was filed, stating in substance that the parties had mutual dealings and accounts in matters in no way connected with the note, in the years 1885 and 1886; that no settlement or adjustment of accounts was had between the parties; that if there had been it would have been shown that there was on the first of October, 1885, twenty-

five dollars due the defendant, and on the first day of April, 1886, a further sum of $87.50, making in all $112.50, that might or should have been indorsed as payments at those dates respectively, as all dealings in other matters had closed between the parties prior to those notes. "That the reason why said sums * * * were not credited upon the note was, that no settlement had been made" etc., closing with the offer to make the credits upon the note at that time. A demurrer was filed to the replication, which was sustained, and the judgment upon the demurrer is assigned for error.

The judgment was not erroneous, nothing contained in the replication could be construed as a payment upon the note or as a promise. It is not stated that the defendant ever ordered such balances to be indorsed as payments upon the note or even knew of there being such balances due her, as it is stated in the replication that no settlement was made. There was no payment. The fact that there was money in the hands of plaintiff arising from other transactions which might have been applied, is not sufficient. The principle upon which a part payment by a debtor will prevent his availing himself of the bar of the statute is, that such payment amounts to an acknowledgment of the debt, and from an absolute acknowledgment the law implies a new promise founded upon the old consideration. To raise such implied promise, the payment must be voluntary; made by the debtor to the creditor. "It must be shown to be a payment of a portion of an admitted debt and paid to, and accepted by the creditor as such, accompanied by circumstances amounting to an absolute and unqualified acknowledgment of more being due, from which a promise may be inferred to pay the remainder." Wood on Limitations, 222; *Linsell v. Bonsor*, 2 Bing. 241; *Tippets v. Heane*, 1 Cr. M. & R. 252; Banning on Lim. 64–65; *Cross v. Moffatt*, 11 Colo. 212; *Toothaker v. Boulder City*, 13 Colo. 227.

It will readily be seen how far short the facts pleaded came from removing the bar of the statute.

It is also urged that the court erred in its instructions to the jury. They were as follows :—

" There is but one question for you to determine in this cause, that is, did the defendant in this cause within six years prior to July 10, 1889, promise positively and unconditionally to pay the note sued on in this action ; as to this issue the burden is on the plaintiff, and if he fails to make out said issue by a preponderance of the evidence, then you should find for the defendant. If the plaintiff so establishes this issue by a preponderance of the evidence then you should find for the plaintiff.

" It is not a question whether the note was originally a just one, or whether it has been paid either by money or by other transactions between the parties; the law presumes that it is paid unless there is a new pomise to pay of the character set forth in the preceding instruction."

The instructions are very brief, which is highly commendable, if they properly embrace all the law applicable to the case. We cannot agree with the contention of plaintiff's counsel. Upon the face of the note it was apparent that it was barred by the statute. The presumption of law was that it had been paid. The bar was pleaded, and could only be overcome by a replication and proof of a new promise to take it out of the statute. It matters not whether the promise is direct, or legally implied, or inferred from the fact of a partial payment having been made. In either case it is only the promise that can defeat the statutory bar. The replication having been properly disposed of on demurrer, the only reliance was in the proof of a direct promise to pay ; hence, the issue to be tried was, as stated by the court, " did the defendant within six years, promise to pay the note." Upon that issue the burden of proof was upon the plaintiff. The language of the instruction was, " promise positively and unconditionally to pay the note sued on in this action." It is to this that the criticism of counsel is directed. In commenting upon it counsel say : " If we understand the proper interpretation of this instruction, it is, that there must

have been a *positive and unconditional promise made by defendant to plaintiff, to pay the note sued on, within six years,* etc.; the promise is so limited that this particular note must have been mentioned at the time the promise was made.

" Under the above instructions there can be no stretch of the finding of the jury,—they are bound by this little narrow instruction. They must first have found that there was on the part of the defendant a *positive and unconditional promise to pay the identical note* sued on before they could find for the plaintiff. This is certainly hiding the light of the law under a very small bushel, and shutting out every possible opportunity of justice entering into the verdict of the jury."

I can see nothing incorrect in the instruction. Although, after a new promise, the action can be maintained upon the original consideration, recovery can only be had upon the new contract to pay, hence, it must have the necessary elements of a contract. It must be a full recognition of the indebtedness evidenced by the note, and a promise to pay that particular debt. It was very proper that the promise should have been required to be so limited as to apply to the particular note, a general admission of the indebtedness would not answer the purpose. The rule is well settled that " there must not be any uncertainty as to the particular debt to which the admission applies. It must be so distinct and unambiguous as to remove all hesitation in regard to the debtor's meaning." Wood on Lim., § 68; *Palmer v. Gillespie,* 90 Pa. St. 363; Banning on Lim., 65; *Tippets v. Heane,* (*supra*).

In regard to the strictures or criticism made as to the character of the promise that it must be "*positive and unconditional*" the charge appears warranted by the authorities.

In *Bell v. Morrison,* 1 Pet., (U. S.) 351, Judge Story said:—" And if the bar is sought to be removed by a new promise, that promise, *as a new cause of action,* must be proved in a clear and explicit manner, and be *unequivocal and determinate.*" It is clear, that if, as stated, the promise cre-

ates a new contract, it must be absolute, definite and unconditional.

In discussing the instruction, *Toothaker v. Boulder City*, *supra*, is cited as sustaining the position of counsel that the charge was erroneous. We cannot so regard it, but regard it as being directly in line with the authorities, both English and American. The court says: " The generally accepted doctrine, at the present time, in the absence of special legislation, is to the effect that while a new promise will overcome the plea of the statute, in actions on simple contracts, the promise, if express, must be *positive* and *unequivocal*." Numerous other authorities might be cited, but it is deemed unnecessary. The reliance was upon a supposed express promise, creating a new contract. It was the only issue involved, and to this condition the instruction was properly directed. The jury found as a fact that there was no promise, and that was conclusive of the case.

The judgment must be affirmed.

*Affirmed.*