## JERKOWSKI v. MARCO & LEWENTHAL.

1. PLEADINGS.—Rule for construction of pleadings stated.
2. IBID.—PROBATE COURT—EXECUTORS.—An allegation that the plaintiffs have duly "qualified as executors in the Probate Court, &c.," includes an averment that all that was necessary to invest them with the powers and rights of executors had been done.
3. IBID.—In construing a pleading, terms may be transposed.
4. IBID.—PROBATE COURT.—An allegation that plaintiffs have "qualified as executors in Probate Court of Darlington, S. C.," construed to mean Probate Court of the county of Darlington.

16—56

5. CASES DISTINGUISHED.—*Patterson* v. *Pagan,* 18 S. C., 584, and *Bischoff* v. *Blease,* 20 S. C., 460, *distinguished from this.*

6. PLEADINGS—EXECUTORS—DESCRIPTIO PERSONAE.—Where plaintiffs do not describe themselves *as* executors, but only *executors of,* &c., the latter may be regarded as *descriptio personae,* and suit maintained by them as individuals.

Before WATTS, J., Darlington, December, 1898. Affirmed. ·

Action on note by Lewis Jerkowski, Harry E. Moss and Emanuel Blumensteil, executors Samuel Jerkowski, against S. Marco and Lewenthal. From judgment overruling demurrer, defendants appeal on following exceptions:

First. Because it is respectfully submitted that his Honor, the Circuit Judge, erred in overruling the demurrer interposed by the defendants; that it appears upon the face of the complaint that the plaintiffs have not legal capacity to sue; whereas the Court should have sustained the same for the reasons and upon the grounds: 1. Because it does not appear that the plaintiffs were appointed executors by Samuel Jerkowski under his will, or that the plaintiffs qualified as such executors before the Surrogate Court of the City of New York, and received letters testamentary thereupon. 2. Because it does not appear that said will was admitted to probate by the Surrogate Court of the City of New York, and letters testamentary granted thereupon. 3. Because it does not appear that the will of Samuel Jerkowski was ever admitted to probate by the Probate Court of Darlington County, or by the Probate Court of any other county in South Carolina, and letters testamentary granted to plaintiffs thereupon. 4. Because it does not appear that an exemplification of the probate of said will by the Courts of the State or City of New York, or any other States, or of any foreign Court, has been admitted to probate in this State, and letters testamentary granted thereupon.

Second. Because it is respectfully submitted that his Honor, the Circuit Judge, erred in overruling the oral demur-

rer interposed by the defendants at the trial; that it appears upon the face of the complaint that the complaint does not state facts sufficient to constitute a cause of action; whereas the Court should have sustained the same for the reason and upon the grounds: 1. Because the plaintiffs in the title style themselves as executors of Samuel Jerkowski, and fail to allege their right to that character in the complaint, in that they fail to allege that they were appointed his executors under his will, and have qualified as such in the Surrogate Court of New York City, and that the said will was admitted to probate by the Surrogate Court of New York City, and an exemplification of such probate admitted to probate in this State, and letters testamentary issued thereupon.

*Mr. W. F. Dargan,* for appellants, cites: Rev. Stat., 2007; 14 S. C., 579; 18 S. C., 590; 20 S. C., 174, 463; 41 S. C., 397; 44 S. C., 19.

*Mr. J. J. Ward,* contra, cites: 51 S. C., 439; 20 S. C., 175; 57 Mo., 568; 40 S. C., 538; 45 S. C., 388; 44 S. C., 1; 41 S. C., 397; Code, 180; 12 S. C., 1, 576; 25 S. C., 123.

November 23, 1899.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER.   Inasmuch as this is an appeal from a judgment overruling demurrers to the complaint, it is necessary to set out the complaint, which, omitting the caption, reads as follows: "Lewis Jerkowski, Harry E. Moss and Emanuel Blumensteil, executors Samuel Jerkowski, plaintiffs, v. Samuel Marco and Isaac Lewenthal, copartners, as S. Marco & Lewenthal, defendants. The complaint of the above named plaintiffs respectfully shows to this Court: 1. That Samuel Marco and Isaac Lewenthal, copartners as S. Marco & Lewenthal, made their promissory note, in writing, bearing date 6th of January, 1892, whereby they promised to pay to the order of S. Jerkowski on 1st 1893, $1,000, with interest at the rate of eight per cent. per annum, at the Bank of Darlington, S. C.   2. That on the

day of August, 1893, the said Samuel Jerkowski departed this life, and the plaintiffs named in the styling and caption of this complaint were duly appointed the lawful executors by the Surrogate Court of New York City, of his will, and have duly qualified as such executors in the Probate Court of Darlington, S. C.   3. That although the said note became due and payable before the commencement of this action, yet the defendants have not paid the same, or any part thereof.   And the plaintiffs further say that they are the legal owners and holders of said note, and that there is due thereon the said sum of $1,000, with interest from 6th January, 1892, at the rate of eight per cent. per annum."   Then follows the demand for judgment in the usual form, which need not be set out here.

To this complaint the defendants filed a demurrer upon the ground "that it appears upon the face of the complaint that the plaintiffs have not legal capacity to sue."

When the case came on for trial, at November term, 1898, before his Honor, Judge Watts, and a jury, the defendants interposed an oral demurrer upon the ground that the complaint does not state facts sufficient to constitute a cause of action, and in accordance with the rule of Court upon the subject, stated in writing the grounds upon which the complaint was claimed to be insufficient, as follows: "In the title of the complaint the plaintiffs state that they are executors of Samuel Jerkowski, but in the body of the complaint fail to allege that they were appointed his executors under his will and have qualified as such, or that the said will was admitted to probate in the State of New York, and also in the county of Darlington and State of South Carolina, and that letters testamentary have been issued."

Both of these demurrers were overruled by the Circuit Judge, and the defendants declining to answer, judgment was entered against them.   From this judgment defendants appeal upon the several grounds set out in the record, a copy of which should be incorporated by the Reporter in his report of the case.

It is obvious that the exceptions taken to the complaint are of a technical character, and must, therefore, be considered in the light of the well settled rules governing questions of that character.    In the first place, we may remark that by sec. 3 of art. V. of the Constitution of 1868, the General Assembly was required to "appoint some suitable person or persons whose duty it shall be to revise, simplify and abridge the rules, practice, pleadings and forms of the Courts now in use in this State."    In accordance with this constitutional mandate, an entirely new system of pleading and practice was framed and adopted, known as the Code of Civil Procedure, whereby the previous system of pleading and practice, which had theretofore prevailed in this State, was completely revolutionized; the prime object of such a radical change manifestly being to *simplify* the system of pleading and practice, so as to rid it, as far as practicable, of the stringent and extremely technical rules which had disfigured the system which had previously prevailed.    Hence when any question as to the sufficiency of any pleading arises, it must be determined by the provisions of the Code of Civil Procedure as construed by our Courts since its adoption.    Now in sec. 180 of the Code, the fundamental principle which must govern in the construction of any pleading is laid down in the following language: "In the construction of a pleading, for the purpose of determining its effect, its allegations shall be liberally construed, with a view of substantial justice between the parties."    Accordingly it was held in *Mason* v. *Carter,* 8 S. C., at page 104, that: "Pleadings under the Code are not required to formulate the state of facts with reference to the technical incidents of the right of action to which the plaintiff may suppose himself entitled. It is the Court that refers the facts to their appropriate form of action, for the purposes of its judgment, and not the pleader, as at common law.    The consequence is, that when a fact is pleaded, whatever inferences of law or conclusions of fact may properly arise from it, are to be regarded as embraced in such averment."    See, also, the following remarks

of Pomeroy, a standard authority upon Code pleading, in his work on Remedies, at pp. 591-4, quoted with approval in *Childers* v. *Verner*, 12 S. C., at p. 5: "The true doctrine, to be gathered from all the cases, is, that if the substantial facts which constitute a cause of action are stated in a complaint or petition, or can be inferred by reasonable intendment from the matters which are set forth, although the allegations of these facts are imperfect, incomplete and defective, such insufficiency pertaining, however, to the form rather than to the substance, the proper mode of correction is not by demurrer, nor by excluding evidence at the trial, but by a motion, before the trial, to make the averments more definite and complete by amendment. * * * Thus if, instead of alleging the issuable facts, the pleader should state the evidence of such facts, or even a portion only thereof, unless the omission was so extensive that no cause of action at all was indicated, or if he should aver conclusions of law in place of fact, the resulting insufficiency and imperfection would pertain to the form rather than to the substance, and the mode of correction would be by a motion and not by demurrer." See, also, *Harle* v. *Morgan*, 29 S. C., 258, where the same remarks are quoted with approval. Again, the Code, in sec. 197 (formerly 199), provides that: "The Court shall, in every stage of (the) action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party;" and in *Wallace* v. *Lark*, 12 S. C., at page 579, the provisions of this section were applied to a question arising on a demurrer to the complaint, and the test was considered to be whether the defect complained of affected the substantial rights of the adverse party. In the light of these well settled principles, we will proceed to consider the particular questions presented by this appeal.

The first demurrer is based upon the ground that the complaint, upon its face, shows that the plaintiffs have not legal capacity to sue. It will be observed that the objections made to the complaint, as we gather from the grounds of appeal and the argument here, are based entirely upon omissions of

allegations of certain facts which are claimed to be necessary, and not upon the allegations which do appear in the complaint—that the objections to the complaint are, not for what it does contain but for what it does not contain. The two demurrers may, therefore, be considered together, as raising the single question whether the facts stated in the complaint are sufficient to constitute a cause of action in favor of the plaintiffs, as executors of Samuel Jerkowski. As the demurrers admit the facts stated in the complaint, which may be summarized here as follows: that the defendants, by their note mentioned in the complaint, promised to pay to the order of said Samuel Jerkowski the amount mentioned in said note; that in August, 1893, said Samuel departed this life, and the plaintiffs "were duly appointed the lawful executors by the Surrogate Court of New York, of his will, and have duly qualified as such executors in the Probate Court of Darlington, S. C.;" that although the said note became due and payable before the commencement of this action, no part of the same has been paid; that the plaintiffs are the legal owners and holders of said note; the practical inquiry is, whether these plaintiffs have a right to maintain this action. Under the admitted facts there can be no doubt that some one has a valid cause of action against the defendants, but the defendants claim that the plaintiffs have failed to show by their complaint that they are persons who have such cause of action; and that is, really, the only practical question in the case. It seems to us that all of the objections raised to the complaint, except that stated in subdivision 3 of the first ground of appeal, which will presently be considered separately, are disposed of by the decision of this Court in the case of *Dial* v. *Tappan,* 20 S. C., 167. In that case the action was brought by George Dial, administrator of Asa Burke, to foreclose a mortgage given to secure the payment of a bond executed by the defendant in favor of said Asa Burke, a citizen and resident of the State of Massachusetts, who died there, leaving a will, in which no executor was appointed. The defendant demurred to the complaint.

"First. That plaintiff had no legal capacity to sue, because
it does not appear that the estate of the testator in said bond
and mortgage passed to the plaintiff, and because it is not
alleged that the said will has been admitted to probate.   Sec-
ond. That the complaint does not state facts sufficient to
constitute a cause of action."   The demurrer was overruled
by his Honor, the late Judge Cothran, and his judgment was
affirmed by this Court.   In delivering the opinion of this
Court, the late Chief Justice Simpson used this language,
which, it seems to us, is quite pertinent to the present case:
"Taking up the alleged defects to the complaint in the in-
verse order in which they are presented, the first to be con-
sidered is, the objection that there was no averment that the
will of the testator had been admitted to probate.   The aver-
ment on this subject was, that the plaintiff had been ap-
pointed administrator with the will annexed, by the Probate
Court of Richland County.   This, we think, includes an
averment of all that was necessary to warrant the Probate
Judge to make this appointment; and no authority need be
cited to the point that a Probate Judge could not have
granted the letters prior to the probate of the will before him.
All that was necessary to entitle the plaintiff to exercise and
be clothed with the rights and powers of administrator, was
a legal appointment as such by the Probate Judge.   Of
course, the officer making the appointment had to be a Pro-
bate Judge, and the will had to be proved before him, and the
appointment could not have been made without these pre-
requisites.   But, as is well said by Judge Cothran, the Court
of Probate is a constitutional Court of record, having juris-
diction especially as to the appointment of administrators,
and when an appointment is alleged in the complaint, and
admitted in the demurrer, the maxim, *omnia presumunter
rite,* applies."   This applies equally well to the grant of let-
ters testamentary, which furnish the evidence of the right of
a person to act as executor of a will; and when it is alleged,
as in this case, that the plaintiffs have duly qualified as exe-
cutors in the Probate Court, this includes an averment that

all that was necessary to invest them with the powers and rights of executors had been done.   This view may be supported also by an analogy drawn from a complaint in an action to recover possession of real estate, where the plaintiff simply alleges that he has title to the premises in dispute, it never was supposed to be necessary that the plaintiff should set out in his complaint, how or where he derived his title. Of course, if his allegation of title is denied in the answer, then it would become necessary for him to show how and when he derived his title.   So here, where the plaintiffs have alleged in their complaint that they are the duly qualified executors of the will of the testator, as we think they have done substantially, no further allegations as to the manner in which they acquired their right to act as such executors, are necessary.   But if the defendants by their answer had denied that the plaintiffs are the duly qualified executors of the testator, then it would have been necessary for the plaintiffs to prove how and when they had acquired the right to act as such executors.   Now, giving to the allegations contained in the second paragraph of the complaint a liberal construction, as we are required to do by sec. 180 of the Code, and disregarding any error or defect in the phraseology, which does not affect the substantial rights of the defendants, as we are required to do by sec. 197 of the Code, as these sections have been construed in the cases hereinbefore cited, as well as by the very recent case of *Guy* v. *McDaniel,* 51 S. C., at page 439, it seems to us that, by a simple transposition of terms, that paragraph may well be construed as alleging that the payee of the note sued on, S. Jerkowski, had departed this life, leaving a will of which the plaintiffs were the duly appointed executors, and that as such they have duly qualified in the Probate Court of Darlington, S. C.

The point made by the third subdivision of the first ground of appeal, that it is not alleged that the plaintiffs qualified as executors in the Probate Court of Darlington County, rests entirely upon a mere clerical error or

omission, which is manifestly untenable, as is shown by the case of *Henlein* v. *Graham,* 32 S. C., 303. Besides, as there is no Probate Court of Darlington—the town—the allegation in the complaint must necessarily be construed as meaning the Probate Court of the *County* of Darlington, for which there is such a Court. We do not see how the construction which we have adopted can possibly affect, adversely, the substantial rights of the defendants. The allegations in the complaint plainly advertised them that they were sued on a note which they had given to S. Jerkowski, who died leaving a will, of which the plaintiffs claimed to be the executors. They cannot, therefore, with any propriety claim that they were either misled or surprised. If the defendants doubted the right of the plaintiffs to sue as executors, the law afforded them a very simple means of solving such doubt by denying the fact; and if they did not see fit to avail themselves of such means, they cannot be permitted, under the liberal provisions of the present system of pleading, to evade the payment of what, so far as now appears, is a just debt by a resort to mere technicalities.

It only remains to consider the two cases of *Patterson* v. *Pagan,* 18 S. C., 584, and *Bischoff* v. *Blease,* 20 S. C., 460, cited and relied upon by counsel for appellant. In the former case the action was brought by the plaintiffs, as executors of the will of Robert Patterson, a resident of the State of Pennsylvania, where he died, leaving a will of which the plaintiffs were appointed executors. As the complaint contained allegations sufficient to show that the plaintiffs were entitled to sue as executors, there was no demurrer, but the defendant answered, denying that the plaintiffs had legal capacity as executors to sue in this State. Upon the trial of the issue thus raised, the proof showed that "the persons named as executors never qualified as such or received letters testamentary in this State;" and it was very properly held that this was fatal to the action, for the reason that the plaintiffs had failed to prove their allegation, which was denied by the defendant—"that the said executors have

heretofore qualified and entered upon the discharge of their duties." How that decision can affect this case we are at a loss to perceive. There the question of fact was raised by the pleadings and decided adversely to the right of the plaintiffs to sue as executors, while here no question of fact is presented; but the question here is simply as to the sufficiency of the pleadings, which, as we have seen, are substantially sufficient. As to the other case—Bischoff *v.* Blease—we are unable to perceive what application it has to the question here presented; especially when that case is read in connection with the subsequent case of *Walter* v. *Godshall,* 32 S. C., 187.

While, therefore, we may say, as was said in *Dial* v. *Tappan, supra:* "It is apparent that the complaint was not framed with that precision and minute accuracy which, perhaps, the old form of pleadings required, and which it would be best to observe even under the new, so as to prevent delay, prolonged litigation and technical controversies, yet, under the liberal spirit of the Code, which looks more to substance than to mere form," we think there was no error in overruling the demurrer, and in the absence of any answer rendering judgment for the plaintiffs.

We may add, however, that there is another ground upon which the judgment below should be affirmed, if we were at liberty to take an extremely technical view. It will be observed that, in the title of the complaint, the persons named as plaintiffs do not describe themselves *as* executors, and hence the words, "Executors Samuel Jerkowski," may be regarded as *descriptio personae,* and the action be considered as brought by the persons thus named and described in their individual right. If so, then, under the doctrine laid down in 8 Ency. Pl. & Prac., 712, to sustain which quite an array of cases are cited in the footnotes, all the allegations in the complaint relating to the official character of the persons named as plaintiffs, may be rejected as surplusage, and the action be regarded as brought by the plaintiffs in their own individual right, and then the

allegation that the plaintiffs are the legal owners and holders of the note sued on, which is admitted by the demurrer, coupled with the other allegations in the complaint, not including those relating to their executorship, would be sufficient to enable them to maintain the action as individuals. For if it be true, as it is alleged to be, and not denied, that the defendants executed the note mentioned in the complaint, that no part thereof has been paid, and that the persons named as plaintiffs are the legal owners and holders of the note, it is difficult to perceive why such allegations do not state facts sufficient to constitute a cause of action in favor of the persons named as plaintiffs in their own right. We must say, however, that we prefer to rest our conclusion upon the grounds first considered rather than upon this last mentioned ground.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.