[No. 5360.]
[No. 3009 C. A.]

### HOLMQUIST v. GILBERT.

1.  **Limitation of Actions—Nature of Statute—Affects the Remedy Only.**

    The statute of limitations goes to the remedy, not the cause of action, and does not extinguish the debt.  It is a means of defense, to be pleaded by defendant as a personal privilege. —P. 117.

2.  **Same — Trust Deed — Foreclosure by Notice and Sale — Not Barred by Statute.**

    In no sense is the foreclosure proceeding by the trustee by notice and sale under the terms of the trust deed to be considered an "action" such as is barred by the statute of limitations, (Mills' Ann. Stats., § 2900).—P. 117.

3.  **Words and Phrases—"Action"—Meaning.**

    An "action" is a proceeding on the part of one person as actor, against another, for the infringement of some right of the first, before a court of justice, in the manner prescribed by the court or the law.—P. 117.

4.  **Limitation of Actions—Several Remedies—One Barred Not Affect Others.**

    Where the plaintiff has several remedies for the same cause of action, the fact that one or more of his remedies have become barred will not affect his right to any of the others which are not barred.—P. 118.

5.  **Mortgages—Trust Deeds—Trustee—Powers and Duties.**

    A trustee has the right to sell the property described in the trust deed whenever requested so to do by the holder of the note, and under the terms and conditions of the deed itself, and

8

has the right, and it is his duty, to apply the proceeds of such sale to the payment of the note secured thereby.—P. 118.

6.   Same—Transfer of Legal Title to Trustee.

Trust deeds and mortgages with power of sale, convey the legal title of the property described therein to the trustee or mortgagee, and the rules of construction of the one apply to the other.—P. 118.

7.   Limitation of Actions—Trust Deeds—Note Barred—Indorsement on Note—Effect.

A trustee sold land, under the terms of a trust deed authorizing the sale and application of the proceeds to the payment of a note, and indorsed the proceeds as a payment on the note without the maker's knowledge and without his direction other than by the authority granted in the deed. Held, that such indorsement did not raise an implied promise of the maker to pay the balance due on the note, since, to raise such a promise, the payment must be voluntary, made by the debtor to the creditor, and the promise must be shown by a payment of a portion of the debt, accompanied by circumstances amounting to an absolute unqualified acknowledgment of more being due.—P. 121.

*Appeal from the District Court of Phillips County. Hon. E. E. Armour, Judge.*

Action by E. Gilbert against John Holmquist. From a judgment for plaintiff, defendant appeals.

*Reversed.*

Decision *en banc.* Mr. JUSTICE CAMPBELL, Mr. JUSTICE GABBERT, and Mr. JUSTICE MAXWELL dissent from the conclusion that the trustee's application of the proceeds of the sale to the note, did not remove the bar of the statute.

Mr. J. H. PAINTER and Messrs. ALLEN & WEBSTER, for appellant.

Mr. WM. T. ROGERS and Mr. J. S. BENNETT, for appellee.

Mr. JUSTICE CASWELL delivered the opinion of the court:

This was an action in the district court of Phillips county to recover the sum of seven hundred

dollars ($700.00) claimed to be due upon a promissory note, executed by the appellant, who was defendant below, and owned at the time of the suit by the appellee, who was plaintiff below. The case comes to this court by appeal, and upon an agreed statement of facts setting forth, in substance, that the appellant in 1887, executed to Henry J. Aldrich, as trustee, for the use and benefit of one Stillman, a certain trust deed conveying certain lands in Phillips county to said Aldrich in trust to secure the payment of the promissory note for $500.00 and interest thereon.

That the note was thereafter transferred to the plaintiff below, together with the trust deed. That on the 6th day of December, 1902, the same was foreclosed by notice and sale according to the terms of the trust deed, by Alex Sederberg, the substitute trustee.

That the property was purchased by the plaintiff for the sum of two hundred dollars ($200.00), which amount was indorsed upon the note of appellant by trustee, and that in December, 1902, this action was begun in the county court of Phillips county for the balance of the principal and the interest on said note, amounting to seven hundred dollars ($700.00).

That within the time allowed the defendant answered the statute of limitations. It was agreed that no payments whatever were made upon this note, which was due October 1st, 1892, until the said payment of $200.00 by the substitute trustee on December 6th, 1902.

It was further stipulated that the trust deed, signed and delivered by the defendant to the plaintiff's grantor, authorized the trustee named therein, or his substitute, to sell the land given as security for the payment of the note of the defendant at

public auction, after proper advertisement, and to apply the proceeds of said sale to the payment of the indebtedness evidenced by the note, and that the substituted trustee did apply the entire amount of the proceeds of the said sale upon the said promissory note, and it was stipulated that the said Sederberg was chosen as substitute trustee and that he made the indorsement upon said note as substitute trustee December 6th, 1902; that the holder of the trust deed was empowered to substitute any person as trustee, and that the acts of the substituted trustee should have the same force and effect as acts of the original trustee.

That there was no legal or equitable defense to the cause of action except the statute of limitations. The trust deed itself appears in the record and supports the agreement and stipulation as above set forth.

The real question presented in this case is whether the indorsement by the trustee of the proceeds of the sale of the property described in the trust deed upon the note of the maker, is such an acknowledgement of the indebtedness that a promise to pay the balance is inferred, and that the debt is taken out of the bar of the statute of limitations.

It is claimed by the appellee that the trust deed itself is not affected by the statute of limitations, although the note might have been without the part payment; that the application of the proceeds by the trustee was directed by the maker of the note and trust deed at the time of its execution, and this is one of the conditions of the trust which is not affected by the statute of limitations; that such direction constituted the trustee such an agent of the maker of the note that the application of the proceeds became the act of the maker, and that the part payment was sufficient to acknowledge the debt, and that the

promise to pay the balance of the debt should be inferred therefrom.

We agree with the contention of counsel for the appellee that the foreclosure of the trust deed was not affected by the statute of limitations. The statute goes to the remedy, not to the cause of action, and does not extinguish the debt. It is a means of defense to be plead by the defendant as a personal privilege.—*Grant v. Burr,* 54 Cal. 300; *Farmers' Loan & Trust Co. v. Denver L. & G. Co.,* 126 Fed. 46; *Fievel v. Zuber,* 67 Tex. 275-279; *Henry v. Mining Co.,* 1 Nev. 620, 623; *Menzel v. Hinton,* 132 N. C. 665; Jones on Mortgages (6th ed.) § 1203, and cases cited.

Our statute, § 2900, Mills' Ann. Stats., reads, "the following actions shall be commenced within six years next after the cause of action shall accrue and not afterwards."

Without attempting to discuss the question as to whether our statute under any circumstances applies to an express trust, it is clear that the sale in this case does not come under the bar of the statute. In no sense is the foreclosure proceeding by the trustee by notice and sale under the terms of the trust to be considered an *action* such as is barred by the statute.—*Menzel v. Hinton,* 132 N. C. 660; 34 S. E. Rep. 386, 388; *Hall v. Bartlett,* 9 Barb. 297, 302; *Goldfrank v. Young,* 60 Tex. 432; *Hayes v. Frey,* 54 Wis. 503; 11 N. W. 695; *Stevens v. Osgood,* 18 S. D. 247, and cases cited.

It has been held in this state that, "an action is a proceeding on the part of one person as actor against another, for the infringement of some right of the first, before a court of justice in the manner prescribed by the court or the law."—*Jones v. Bank of Leadville,* 10 Colo. 479. And it is further provided by our code that actions shall be prosecuted

and defended as prescribed in the act. "Where the plaintiff has several remedies for the same cause of action, the fact that one or more of his remedies have become barred will not affect his right to any of the others which are not barred."—19 Am. & Eng. Enc. Law, par. 152, and cases cited; 25 Cyc. 999, and cases cited; *Hayes v. Frey, supra; Stevens v. Osgood, supra; Menzel v. Hinton,* 132 N. C. 660; 34 S. E. Rep. 386; *Goldfrank v. Young,* 64 Tex. 432; *Fievel v. Zuber, supra.*

This right of foreclosure by the trustee is not seriously disputed by the appellant, although our attention is called to the ruling in *McGovney v. Gwillim,* 16 Colo. App. 284. It is sufficient to say that in the latter case the court holds that in the case before it "by the bringing of this suit the holder of the note and of the indebtedness has elected to waive the right of sale by the trustee," and treats the deed of trust as a mortgage. The question involved here was not presented in that case.

The trustee undoubtedly had the right to sell the property described in the trust deed whenever requested by the holder of the note, and under the terms and conditions of the deed itself, and had the right and it was his duty to apply the proceeds of such sale to the payment of the note. It does not follow, however, that he was such an agent of the maker that the payment became the voluntary act of the maker himself, nor that the payment was such an acknowledgement of the existing indebtedness that the law implies a promise to pay the balance.

Trust deeds and mortgages with the power of sale convey the legal title of the property described therein to the trustee or mortgagee.—*Belmont Mining Co. v. Costigan,* 21 Colo. 479, and cases cited.

The rules of construction for the one apply to the other.

In *Campbell v. Baldwin*, 130 Mass. 200, the court having under consideration this question in connection with a power of sale mortgage, says:

"The ground upon which a part payment is held to take the case out of the statute is that such payment is a voluntary admission by the debtor that the debt is then due, which raises a new promise by implication to pay it or the balance. To have this effect, it must be such an acknowledgement as reasonably leads to the inference that the debtor intended to renew his promise of payment. In the case at bar the plaintiff executed a mortgage in which he gave to the mortgagee power to sell the estate and to appropriate the proceeds to the payment of the mortgage debt. But this cannot fairly be construed as an authority to the mortgagee to make a new promise on behalf of the mortgagor to pay the debt, so as to avoid the statute of limitations. * * * It would be applied by law to the extinguishment *pro tanto* of his debt. * * * It does not appear that he had any knowledge of the sale. It is absurd to say that the facts in this case would fairly lead to the inference that the plaintiff intended to renew his promise to pay the note."

To the same effect is the rule laid down in *Moffitt v. Carr*, 48 Neb. 403; 58 Am. St. Rep. 696.

Our attention has been called to but one case holding that the trustee under such circumstances may thus bind the payor of the note. This was the case of *Bender v. Markle*, 37 Mo. App. 234, and it would seem that this case stands alone among the decisions of Missouri upon this question. Without examining the decisions of that state to any great extent, we note in *Leach v. Asher*, 20 Mo. App. 656, the court said:

"In this case the trustee had power to sell the land and apply the net proceeds of the sale to the payment of the debt secured as far as such proceeds went. To give to his powers the widest scope we may say that he was the promisor's agent thus to apply the proceeds, and that so doing was an admission by the promisor that at the date of the application the amount applied was due on the note. We cannot see on what principle known to the law we would be justified to hold the payment of a certain amount of money by the trustee, who, in regard to the residue of the debt, if any, was a mere stranger, was effectual to bind the promisor in regard to such residue.''

In *Regan v. Williams,* 88 Mo. App. 577, the court having a similar question under consideration, held that the application by the trustee or mortgagee of the money obtained by sale did not stop the statute, citing *Leach v. Asher, supra,* and further says: "The court of appeals ruled differently in *Bender v. Markle,* without noticing the previous case.'' This decision having been repudiated by the court of Missouri furnishes no precedent in the case in hand.

In *Lang v. Gage,* 65 N. H. 173-174, the court says:

"An unqualified voluntary payment of money is a recognition of an existing liability by the party making it, and the ground upon which a payment by the debtor furnishes evidence of a new promise is that it shows an acknowledgement of an existing unpaid debt which he is liable and willing to pay. The mere payment of money is not such an acknowledgement. Part payment alone is an acknowledgement of indebtedness *pro tanto.* The efficiency of a payment to avert the effect of the statute of limitations as a bar rests in the conscious and voluntary

act of the debtor, explainable only as a recognition and confession of the existing liability."

Further decisions to the same effect will be found in 25 Cyc. 1378, and cases cited.

It has been held in this state, "To raise such an implied promise the payment must be voluntary, made by the debtor to the creditor. It must be shown by a payment of a portion of an admitted debt, and paid to and accepted by the creditor as such, *accompanied by circumstances amounting to an absolute, unqualified acknowledgement of more being due,* from which a promise may be inferred to pay the remainder."—*Sears v. Hicklin,* 3 Colo. App. 331; citing *Toothaker v. Boulder,* 13 Colo. 227; *Cross v. Moffatt,* 11 Colo. 212.

Applying these rules to the case in hand it does not appear from the agreed statement of facts or from the record, that the maker of the note and trust deed had any knowledge whatsoever of such indorsement, or that he in any manner directed the same further than by the authority granted in the trust deed itself at the time of its execution, and the direction contained in the clause authorizing the sale of the property and the application of the proceeds, is relied upon solely as constituting by such action of the trustee a voluntary payment by the maker of the note.

It is urged by appellee that some of the authorities cited are not applicable to this case because the property had passed from the hands of the original owner, and, at the time of the sale, the money received as proceeds was not the property of the original maker. We do not see the force of the argument. So far as the agency is concerned whatever authority was given was given at the time of the execution of the trust deed and was irrevocable. If by its terms it was sufficient to authorize the trustee to create a

new promise by the part payment, while the title to the property remained in the original grantor, the power to bind him would remain after the property had passed from his hands.

The appellee further urges that in some jurisdictions it is held that the application of the proceeds of the sale would revive the debt by operation of law even though the payment is not directed. In a recent case of *McBride v. Noble*, 40 Colo. 372, an undirected payment being under consideration, this court declines to follow that rule but follows the reasoning of the opinion in *Thomas v. Carey*, 26 Colo. 485.

We think it is clear then that it is not sufficient to revive the debt for the trustee to sell the property and apply the proceeds to the payment of the note, even though directed in the trust deed as above set forth. Such action does not constitute a voluntary payment by the debtor. It is true that the trustee is an agent of the debtor, but he is also an agent of the creditor, and, to a certain extent, of the law as well, because the law would thus apply the proceeds regardless of any act of the trustee.

It cannot be said that at the time of the execution of the trust deed the maker intended to create an agency to extend beyond certain actions in connection with the property itself. We think it would be a violent construction of the trust deed to say that such agency empowered the trustee to acknowledge a debt already barred by the statute of limitations, or to set the statute in motion anew by making such credit. We think it must be considered as an involuntary payment and that it was not "accompanied by circumstances amounting to an absolute, unqualified acknowledgement of the indebtedness from which a promise may be inferred to pay the remainder."

It follows that the statute of limitations, plead by the defendant in this case, was a good defense.

The judgment is reversed.        *Reversed.*

Decision *en banc.*

Mr. JUSTICE CAMPBELL, Mr. JUSTICE GABBERT and Mr. JUSTICE MAXWELL dissent from the conclusion that the application by the trustee of the proceeds of the sale of the property, pledged for the payment thereof on the note, did not remove the bar of the statute.  _____