[No. 7468.]

FERRIS, JR., v. CURTIS.

1. LIMITATIONS—*New Promise—Acknowledgment—*A promissory note was secured by a trust deed of lands. The trustee having advertised the lands for sale, the maker of the note caused to be published at the foot of the trustee's advertisement a notice to the effect that he had had no interest in the lands since a date named. *Held,* a disclaimer rather than an acknowledgement of liability.

2... ——*Payment*—Operates to avert the bar of statute of limitations only when it is a conscious and voluntary act, explainable only as a recognition of existing liability. A promissory note executed by defendant was secured by deed of trust of land. After the statute of limitations had completed its course the lands were sold by the trustee, and the amount of the sale endorsed as a credit upon the note. An attorney attended the sale, by direction of the defendant, "to protect his interest," and made some suggestion as to the manner of the endorsement. The attorney had no authority from defendant to waive the statute. *Held*, that the circumstances detailed were not to be accepted as an acknowledgment of liability on the part of defendant.

3. ATTORNEY—*Authority*—The maker of a promissory note barred by the statute of limitations directs an attorney to attend a sale of land under a trust deed given to secure the note, and "protect his interest." He has no authority to waive the statute of limitations for his client.

*Error to El Paso District Court.*—Hon. J. W. SHEAFOR, Judge.

Mr. FRANKLIN E. BROOKS, Mr. MICHAEL B. HURLEY and Mr. GEORGE W. BIERBAUER, for plaintiff in error.

No appearance for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court:

This was an action to recover $1,809.55 with interest, claimed to be the balance due upon a promissory note. The defendant plead the statute of limitations. The judgment was in his favor. The plaintiff brings the case here for review.

The facts are similar to those in *Holmquist v. Gilbert*, 41 Colo. 113, in that a deed of trust to a private trustee was given to secure the payment of this note, which was for $2,000 and interest, bearing date May 2nd, 1892, due five years after date. Thereafter, the defendant sold the property described in the deed of trust. This sale was subject to the incumbrance; the purchaser assumed the payment of the indebtedness. The property appears to have again been sold under similar conditions. The note was thereafter transferred to this plaintiff. Default having been made in the payment of both interest and principal, the plaintiff caused the acting county clerk and re-

corder of El Paso county (being the successor in trust) to make sale of the property to satisfy the indebtedness. This was done upon the 11th day of December, 1905, and the amount of the proceeds, less expenses and taxes, were applied to the payment of the interest, and a certain amount of the principal. An endorsement was made on the note to that effect by the agent of the plaintiff. This suit was instituted on January 17th, 1910. No other payments than the ones above indicated had been made within six years immediately preceding the date of the institution of this action. It follows, that, unless other matters distinguish it, the case comes squarely within the rule of *Holmquist v. Gilbert, supra,* and the plea of the statute of limitations is good.

Counsel concede the correctness of this position, but seek to distinguish it from the case cited by contending that there are other facts which defeat the running of the statute. By correspondence between the agent of the plaintiff and the defendant, he, the defendant (although in his letters disclaiming any liability on the note) was induced to sign, and agreed to pay a small sum for the publication of, a notice to follow that of the trustee's pertaining to the sale of the property. This notice reads,

"The undersigned has had no interest in the above described premises since May 14, 1892.

MILLARD F. CURTIS."

It is claimed that this was a recognition of the validity of this indebtedness against the defendant. We cannot agree with this position. The securing of this notice was at the solicitation of the plaintiff or his agent. What it was desired for is not clearly disclosed by the record, but if it had a tendency to prove anything as an expression by the defendant concerning his liability, we are of opinion that it would tend to be a disclaimer rather than an acknowledgment; for the reasons, if the defendant was holding for any deficiency upon the note secured by the deed of trust upon this property, he would then have had an interest in the property to the extent of seeing that it

brought, if possible, a sufficient amount to wipe out the entire liability against him, as well as his right of subrogation, should he have seen fit to pay the note prior to foreclosure.

It appears, that the plaintiff's agent, who was managing the foreclosure, had written the defendant, who was a resident of Pasadena, California, notifying him of the sale; that a day or two prior to the sale he received a telegram from the defendant, the substance of which was to "see Mr. (a resident attorney of Colorado Springs) and have him attend the sale and protect my interest;" that the agent showed the attorney the telegram, and he, in response thereto, was present at the sale, and made certain suggestions as to the manner the credits should be endorsed upon the note. There is also testimony that the agent of the plaintiff stated to this attorney, that the attorney of the plaintiff had stated that the defendant, having signed the note, could not get away from the liability, and that the attorney named in the telegram agreed with that statement. It is contended by virtue of these facts that the action of this attorney, as above stated, made this endorsement a payment by the defendant, and thereby a legal acknowledgment of his liability for the balance, as well as a direct acknowledgment of such a liability in law sufficient to hold the defendant for the balance. We cannot agree with either conclusion. The instructions to the attorney were conveyed to him through the agent of the plaintiff who was actively engaged in the management of the foreclosure. The defendant, in his correspondence to this agent, had disclaimed any personal liability. The plaintiff, through his agent, by receipt of the telegram, was advised of the extent of the authority which the defendant granted to the attorney called upon; he knew it before the attorney did. It was to have him attend the sale and protect his interest. It would certainly have been a very poor protection of the defendant's interest for the attorney to have, by some acknowledgment, or suggestion, pertaining to an endorsement, done something whereby the defendant's liability would have been increased beyond what it was, had the

attorney remained away. However, the record discloses that such was not understood or attempted. The statement pertaining to the attorney's acquiescence in the legal opinion of the counsel for the plaintiff was very indefinite; besides, it referred to the liability existing at and before the time of the sale, and did not refer to a liability which would be created by virtue of a credit endorsed on the note received from the proceeds of the sale. Prior to that, the last endorsement of interest was up to May 2nd, 1900. There was no evidence to show that either attorney knew who had paid the former interest. The liability referred to was that existing in December, 1905. The note, as it then disclosed, did show *prima facie* a legal liability existing against the defendant; hence, as shown from the instrument, the opinion of the plaintiff's counsel, as well as the acquiescence of the defendant's, might at that time have been absolutely correct, yet would have no bearing upon the liability of the defendant in a suit brought five years thereafter to enforce its collection, at which time the instrument would show, barring the foreclosure credit, that no endorsement had been made thereon since May, 1900.

It is claimed that the presence of the attorney in response to the telegram, and his actions pertaining to the manner of the endorsement, were sufficient as an acknowledgment of the indebtedness as will hold the statute of limitations. We cannot agree with this contention. There was only one note upon which this credit could have been entered. The witness, Bennett, then agent for the defendant, testified that he would have made the endorsement upon the note had the attorney said nothing. In *Holmquist v. Gilbert, supra*, it is said that the law would thus apply the proceeds, regardless of any act of the trustee; the same rule would apply here. The credit was in reality made at the time of the sale. Besides, it is not shown that the plaintiff's agent would have made the endorsement in any other manner than he did, had the attorney said nothing.

In *McBride v. Noble,* 40 Colo. 372, it was held that although a creditor may apply a general undirected payment to a note barred by the statute, yet such application does not take the unpaid portion out of the statute, since such transaction does not prove that the debtor thereby expressly recognized or acknowledged the debt, and the law does not imply a promise upon his part to pay the balance.

It has also been repeatedly held in this jurisdiction that the efficiency of the payment to avert the effect of the statute of limitations as a bar, rests in the conscious and voluntary act of the defendant, explainable only as a recognition and confession of the existing liability. To raise such implied promies it must be voluntarily made by the debtor to the creditor. It must be shown to be a payment of a portion of an admitted debt, paid to and accepted by the creditor as such, accompanied by circumstances amounting to an absolute unqualified acknowledgment of more being due from which a promise must be inferred to pay the remainder.—*Sears v. Hicklin,* 3 Colo. App. 331; *Toothaker v. City of Boulder,* 13 Colo. 219; *Cross v. Moffat,* 11 Colo. 210; *Thomas v. Carey,* 26 Colo. 485; *McBride v. Noble,* 40 Colo. 372.

Following the rule in *Holmquist v. Gilbert, supra,* the payment here must be considered as an involuntary one.

Plaintiff further insists that, the payment of interest, by parties who acquired the mortgaged property from the defendant and assumed the mortgage indebtedness, make them the agents of the defendant sufficient to stay the running of the statute of limitations against him; that this question is not passed upon in *Holmquist v. Gilbert, supra.* It is unnecessary to consider it in this case for the reason that this suit was not commenced until January 17th, 1910, and there is no evidence attempting to show that any subsequent purchaser of the property made any payment of interest upon the note after May 2nd, 1900, or within the six years immediately preceding the commencement of this action.

At the close of the plaintiff's case, which disclosed all matters above stated, the defendant moved for a directed verdict. This motion was denied. The cause was ultimately submitted to a jury; the verdict was for the defendant. For the reasons heretofore stated, the defendant's motion should have been granted; this makes unnecessary any consideration of the instructions complained of.

The judgment is affirmed.                    *Affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE GABBERT concur.