[No. 7868.]

## Pierce et al. v. Hamilton.

1. Certiorari—*Where the Writ Lies*—Certiorari cannot be made to perform the office of a writ of error. Where a motion to vacate a judgment given in the county court, upon a cause of action within the jurisdiction of that court, is denied, the defendant is entitled to a writ of error, and certiorari does not lie.

In a judgment confessed, under warrant of attorney the cause of action being certain promissory notes executed by defendant to plaintiff, if the defendant asserts that the notes were obtained by fraud he may also have relief against the judgment by a bill in equity. For either reason certiorari is properly denied.

2. Writ of Error—*Proceedings Subsequent to Final Judgment*, may be reviewed by writ of error to such judgment.

3. Appearance—*Promissory Note with Warrant of Attorney*—A promissory note with a clause authorizing any attorney to enter the appearance of the maker in any action brought thereon, the attorney's appearance is a waiver of service.

And a motion to vacate a judgment, as obtained by mistake, inadvertence, etc., under Rev. code § 81, is a general appearance.

*Error to the Rio Grande District Court.—Hon.* CHARLES C. HOLBROOK, Judge.

Mr. JESSE C. WILEY and Mr. SUMNER S. ANDERSON for plaintiffs in error.

CHIEF JUSTICE MUSSER delivered the opinion of the court:

This writ of error is directed to a judgment of the district court, rendered in a *certiorari* proceeding, wherein the court denied a motion to quash the writ and ordered the county court of Rio Grande County to set aside a judgment theretofore rendered by it and allow a defense to be made in the action.

The record of the county court is set out in the petition for the writ of *certiorari,* and from this it appeared that the plaintiff filed a complaint in the county court upon two promissory notes, dated August 8, 1910, and payable on January 1, 1911, one for the sum of $600 and the other for $300, each executed by the defendant and payable to the plaintiff. Each of the notes contained a warrant of attorney, authorizing any attorney at law, after the maturity of the note, to appear in any court of record in Colorado, or elsewhere, waive the issuance and service of process and confess judgment against the maker. The petition further alleged that thereupon an attorney at law filed an answer, in which, by virtue of the authority contained in the notes, he entered his appearance in behalf of the maker and confessed judgment, which was accordingly entered in the county court on the 17th day of July, 1911; that all of these proceedings were done without the knowledge of the maker, the defendant, without the issuance or service of summons or other process and without any notice; that the defendant did not know of the judgment until about the 29th day of July, when he immediately sought the services of an at-

torney at law, who proceeded as rapidly as possible, and on the 30th day of August filed an application to set aside the judgment, and be allowed to answer to the merits; that thereafter a hearing was had upon the motion to vacate the judgment, at which attorneys for the plaintiff and defendant appeared and made arguments, and the court, after hearing the arguments and examining the affidavits in support of and against the motion, took the matter under advisement, and on the 2nd day of October ordered that defendant tender his answer and serve a copy upon the plaintiff, and held the motion under further advisement; that pursuant to that order the defendant tendered his verified answer, containing a defense and cross-complaint, all of which was set out in the petition, and that on the 5th day of October the court ordered that the answer of defendant be filed without prejudice to the judgment theretofore entered, and the motion to vacate the judgment was overruled.

It was alleged that the court, in refusing to set aside the judgment, greatly abused its discretion and that the defendant was without right of appeal and that he had no plain, speedy and adequate remedy. Upon the filing of the petition, the writ of *certiorari* was issued. A motion to quash this writ was filed, for the reason, among others, that the petition did not state facts sufficient to warrant the relief asked for. This motion was overruled and the order made requiring the county court to set aside the judgment and allow the defense to be made.

This writ of error may be disposed of by saying that the defendant, in the county court, after a motion to set aside the judgment was overruled, had a plain, adequate and presumably speedy remedy by writ of error, even though he had no right of appeal to the district court as claimed in the petition. The case of *Cross v. Moffat,* 11 Colo. 210, was a review of a judgment made by confession under warrant of attorney in a note, and subse-

quently the maker moved to set aside the judgment, which motion was overruled. It was held in that case that under the practice that then existed this court could not, by writ of error, review proceedings subsequent to final judgment. However, the code, as it then existed, was amended so that now such proceedings as were had in the county court of Rio Grande County subsequent to the judgments can be reviewed on writ of error to the final judgment.—*Schmidt v. Dreyer,* 21 Colo. 100, 39 Pac. 1086. The defense which it was sought to interpose in this case was that the judgment notes had been procured by fraud. In such a case a debtor may have relief also by a suit in equity to set aside the judgment and cancel the notes on the ground of fraud in their procurement.— *Cross v. Moffat, supra.* If the proceedings in the county court be regarded as a substitute for a suit in equity, then a writ of error would also lie at the proper time to review the action of the court in denying the motion independent of the final judgment.—*Balfe v. Rumsey & Sikemeier Co.,* — Colo. —, 133 Pac. 417. So that, in whatever way the matter may be viewed, there was a plain, speedy and adequate remedy by writ of error, and the writ of *certiorari* was by the district court made to take its place.

In Harris on Certiorari, sec. 44, it is said that the rule, that a writ of *certiorari* cannot be used to subserve the purpose of a writ of error, seems to have no recognized exception and that the aid of the extraordinary writ of *certiorari* cannot be invoked when the ordinary remedy by writ of error exists. That seems to be the purport of section 331 Rev. Code, which says that "The writ shall be granted in all cases where an inferior tribunal, board or officer exercising judicial functions, has exceeded the jurisdiction or greatly abused the discretion of such tribunal, board or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy and

adequate remedy." Such is the holding in *Union Pac. Ry. Co. v. Bowler,* 4 Colo. App. 25, 34 Pac. 940. If for any reason the county court was right in refusing to vacate the judgment, or if it was wrong, that fact could be determined on writ of error.

The action in the county court was one upon promissory notes within the jurisdictional limit of the court. It, therefore, had jurisdiction of the subject matter. It appears that the attorney acted within the authority conferred by the warrant of attorney in the notes, and if the law as announced in *Cross v. Moffat, supra,* is now the law, this action on the part of the attorney, constituted a waiver of the issuance and service of process under the terms of the warrant. In any event, the defendant in the county court, the maker of the notes, by his subsequent action, conferred jurisdiction of the court over his person and entered a general appearance, so that if any defect existed for the want of process or the service thereof at the time of the judgment it was cured. Defendant filed a motion to vacate the judgment on the grounds that the same was taken against him through mistake, inadvertence, surprise and excusable neglect and that he had no knowledge of the bringing of the action, and also on the ground that he had a meritorious defense to the action, and went on and stated what the defense consisted of, and in his petition for the writ he stated that he made an application to the county court to have the judgment set aside and be allowed to answer to the merits, and thereafter, pursuant to an order of the county court, he tendered the answer and cross-complaint.

The motion to vacate as made was a general appearance even though it was made subsequent to judgment.— *Balfe v. Rumsey & Sikemeier Co., supra.* The relief asked for in the defendant's motion to vacate was inconsistent with any objections made to the jurisdiction of the court over his person, and it is said in *Everett v. Wilson,* 34 Colo. 476, 183 Pac. 211.

"If a defendant separately, or in conjunction with a motion going only to the jurisdiction, invokes the power of the court on the merits, or moves to dismiss the action, or asks relief which presupposes that jurisdiction has attached, this constitutes a general appearance."

And in *Barra v. The People,* 18 Colo. App. 16, 69 Pac. 10725, it was held that, if a defendant ask that a judgment be set aside on account of his excusable neglect and that he be permitted to plead to the merits of the action, he thereby entered a general appearance and waived the right to question the summons. So that, when the county court overruled defendant's motion to vacate the judgment, it had jurisdiction over the subject matter and over the person of the defendant and exercised that jurisdiction regularly. It may be that it ought to have vacated the judgment and that it committed error in not doing so, but this is a matter to be determined by a writ of error and not by *certiorari.* Whatever may be meant by the words "or greatly abuse the discretion," in Sec. 331 of our Code, quoted above, they certainly do not mean such an abuse of discretion as may be committed by a court in overruling a motion to vacate a judgment when the action of the court may be reviewed by a writ of error, for otherwise *certiorari* would lie to review the action of a county court in refusing to set aside a default and vacate a judgment taken thereon in almost any case.

As the petition for the writ of *certiorari* was insufficient and showed upon its face that the writ ought not to go, the district court should have sustained the motion to quash it. The judgment of the district court is, therefore, reversed and the cause remanded with directions to quash the writ and dismiss the *certiorari* proceedings.

*Judgment reversed.*

*Cause remanded with directions.*

Mr. JUSTICE GABBERT, and Mr. JUSTICE HILL concur.